### UNITED STATES of America, Plaintiff-Appellee,

v.

### Charles Donald BOLDIN, Lewis Crump, John Oscar Luck, Johnny Ray Moore, Jack W. Scarborough, Leonard Bonnell Steele, and Luis Rosendo Escobar, Defendants-Appellants.

### No. 84–8672.

United States Court of Appeals, Eleventh Circuit.

Jan. 10, 1986.

Alden W. Snead, Deacatur, Ga. (Court Appointed), for L. Crump.

E. Marcus Davis, Atlanta, Ga. (Court Appointed), for J. Luck.

Craig A. Gillen, Asst. U.S. Atty., Steve R. Wisebram, Atlanta, Ga., for plaintiff-appellee.

John Oliver Ellis, Jr., Federal Public Defender, Atlanta, Ga., for J. Scarborough.

P. Bruce Kirwan, Atlanta, Ga., for B. Steele.

Gino P. Negretti, Miami, Fla., for L. Escobar.

Eric Welch, Atlanta, Ga. (Court Appointed), for J. Moore.

Bobby D. Wilson, Atlanta, Ga., for C. Boldin.

## ON PETITION FOR REHEARING

(Opinion Sept. 27, 1985, 11 Cir., 772 F.2d 719).

Before VANCE and HATCHETT, Circuit Judges and LYNNE *, District Judge.

PER CURIAM:

On petition for rehearing, we delete from our opinion reported at 772 F.2d 719, 727 (11th Cir.1985), those two paragraphs referenced [4] and [5, 6] and insert the following:

■ Our application of the *Blockburger/Albernaz* test to the conspiracy counts in this case shows no double jeopardy violation. Proof sufficient to prove a violation of the RICO conspiracy statute, 18 U.S.C.A. § 1962(d), requires that the government demonstrate (1) the existence of an agreement, (2) the existence of an enterprise affecting interstate or foreign commerce, (3) the defendant's association with the enterprise, (4) the defendant's participation in conducting the enterprise's affairs, and (5) that the defendant's participation was through a pattern of racketeering activity, indicated by the commission of at least two racketeering acts. *United States v. Bright,* 630 F.2d 804, 829 (5th Cir.1980).

■ Section 963 of Title 21, the conspiracy to import statute, requires proof of (1) the existence of an agreement (2) to import (3) a controlled substance (4) into the United States and (5) the defendant's knowing and voluntary participation in the agreement. *United States v. Bascaro,* 742 F.2d 1335, 1359–60 (11th Cir.), *reh'g denied,* 749 F.2d 733 (11th Cir.1984), *cert. denied sub nom. Hobson v. United States,* —— U.S. ——, 105 S.Ct. 3476, 87 L.Ed.2d 613, *Villanueva v. United States,* —— U.S. ——, 105 S.Ct. 3477, 87 L.Ed.2d 613, *Waldrop v. United States,* —— U.S. ——, 105 S.Ct. 3488, 87 L.Ed.2d 622 (1985).

■ Further, proof sufficient to prove a violation of section 846 of Title 21 requires that the government show (1) the existence of an agreement (2) to possess (3) with intent to distribute (4) a controlled substance and (5) the defendant's knowing and voluntary participation in the agreement. *United States v. Cruz,* 765 F.2d 1020, 1025 (11th Cir. 1985).

The petition for rehearing is in all other respects DENIED.