**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joseph DeMARCO, Defendant-Appellant.**

No. 84–5885.

United States Court of Appeals, Eleventh Circuit.

June 16, 1986.

■■■■■■■■

Winkel & Sims, William M. Winkel, West Palm Beach, Fla., for defendant-appellant.

Leon Kellner, U.S. Atty., Karen Atkinson, Linda Collins-Hertz, David O. Leiwant, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before VANCE and HATCHETT, Circuit Judges, and SWYGERT *, Senior Circuit Judge.

HATCHETT, Circuit Judge:

This appeal involves double jeopardy and collateral estoppel claims. The district court held that the government could put the appellant to trial, on substantive charges of violating 18 U.S.C. § 2314, even though in an earlier trial, appellant was acquitted of conspiring to violate 18 U.S.C. § 2314. The district court also held that the government could use the same time period as covered in the earlier conspiracy trial, with one condition: that the government not introduce in the substantive offense trial evidence seeking to prove that the appellant conspired to violate 18 U.S.C. § 2314. We affirm.

## BACKGROUND

By indictment, the government charged appellant, Joseph J. DeMarco, with several counts of fraud and with conspiring with Eli Vance and Maurice Baskin to defraud Curt G. Joa, Inc. in violation of 18 U.S.C. § 2314. The time period covered by the indictment was January, 1980, to June, 1982. The district court acquitted DeMarco on all charges. A second indictment was dismissed without prejudice.

On May 22, 1984, a federal grand jury returned the indictment we now review charging DeMarco with violations of 18 U.S.C. §§ 2314 and 2. The indictment alleges, in separate counts, that on March 27, 1980, April 29, 1980, May 21, 1980, May 27, 1980, June 23, 1980, July 15, 1980, and August 4, 1980, "DeMarco did knowingly and willfully transport and cause to be transported in interstate commerce ... securities and monies valued in excess of ... $5,000 [describing the check] knowing the same to have been stolen, converted and taken by fraud." On June 19, 1984, DeMarco filed a motion to dismiss the indictment on grounds of double jeopardy and prosecutorial vindictiveness. The district court denied the motion to dismiss, but ruled that "a trial in this case is permissible only if no evidence of a conspiracy (a combination or agreement) of Defendant and one Eli Vance joining together to attempt to accomplish the offenses alleged in the indictment is brought out at the trial, the United States being collaterally estopped to introduce such evidence.

At oral argument, we inquired whether the government could successfully prosecute DeMarco for violating 18 U.S.C. § 2314, in light of the district court's collateral estoppel order. On November 29, 1985, the government responded by letter that "the United States will be able to prove that on the dates charged in the indictment, DeMarco transported in interstate commerce monies in excess of $5,000 knowing the same to have been taken by fraud, and that the United States will be able to prove these charges without introducing evidence that DeMarco conspired with Eli Vance to accomplish the aforementioned offenses."

## DISCUSSION

DeMarco contends that because he was acquitted of conspiring with Eli Vance and Maurice Baskin to violate 18 U.S.C. § 2314 during the period from January, 1980, to

---

* Hon. Luther M. Swygert, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designa-

tion.

June, 1982, collateral estoppel and double jeopardy bars the government from prosecuting him for violating section 2314 on seven dates during that period.

The government contends that the district court ruled correctly that DeMarco's acquittal of conspiracy to violate 18 U.S.C. § 2314 during the period January, 1980, through June, 1982, does not bar his prosecution on substantive charges of violating section 2314 during the same time period on double jeopardy grounds. The government agrees that it is collaterally estopped from offering proof that DeMarco conspired with Eli Vance and Maurice Baskin to commit the substantive crimes charged in this indictment.

■ The collateral estoppel doctrine provides that once an issue of ultimate fact has been determined by a valid and final judgment, the issue cannot be relitigated between the same parties in a future lawsuit. *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). In a criminal case, collateral estoppel is a protection included in the fifth amendment guarantee against double jeopardy. *Ashe v. Swenson*, 397 U.S. at 445, 90 S.Ct. at 1195, 25 L.Ed.2d at 476. Collateral estoppel applies in two ways: (1) it may bar prosecution or argumentation of facts necessarily established in a prior proceeding; or (2) it may completely bar subsequent prosecution where one of the facts necessarily determined in the former trial is an essential element of the conviction the government seeks. *United States v. Griggs*, 735 F.2d 1318 (11th Cir.1984).

■ Acquittal of conspiracy does not collaterally estop the government from prosecution of the substantive crime which was the object of the conspiracy. *United States v. Mock*, 604 F.2d 341, 344 (5th Cir.1979), *aff'd after remand*, 640 F.2d 629 (5th Cir. Unit B 1981). To determine whether an exception to this general rule exists, we must examine the record to identify the facts determined in the first trial and decide whether the acquittal resulted from issues in this case. *Ashe v. Swenson,*

397 U.S. at 442, 445, 90 S.Ct. at 1197, 1195, 25 L.Ed.2d at 475, 476.

In the first trial, the government alleged that DeMarco, in combination with Eli Vance and Maurice Baskin, schemed to defraud Curt G. Joa, Inc., a company based in Boynton Beach, Florida. Vance was the purchasing agent for Joa. The indictment alleged that Vance issued purchase orders to DeMarco for merchandise that DeMarco never delivered, although DeMarco accepted the checks sent to him from Joa's office in Sheboygan, Wisconsin, in payment for the merchandise. According to the government, DeMarco then gave Vance "kick backs." To prove that DeMarco, Vance, and Baskin conspired to violate section 2314, the government introduced into evidence checks issued to companies allegedly controlled by DeMarco which were sent to DeMarco's account via Joa's Wisconsin office. The district court acquitted DeMarco on all counts because the government failed to prove that DeMarco had control over the companies to which the checks were issued, or to prove that DeMarco was the person whose signature appeared on the checks and accounts.

■ In this case, the government bases its prosecution on seven checks which were not introduced into evidence in the first trial. The fact that the seven checks are dated within the same time period as the conspiracy is not dispositive. The existence of one offense during a time period does not foreclose the possibility that other offenses, related or unrelated, with or without the same actors, are being committed.

■ We agree with the district court that the government must prove its case against DeMarco without using any evidence of a conspiracy or agreement between DeMarco and Vance.

DeMarco mistakenly relies on *Ashe v. Swenson* to support his claim that the government is barred from prosecuting him for violating section 2314 during January, 1980, through June, 1982, the time period during which he was tried for conspiring to violate the statute. In *Swenson,*

six men in a poker game were robbed by three or four masked gunmen. Six weeks after being acquitted in a state trial for the robbery of one of the players, the defendant was convicted for the robbery of another of the players. The Supreme Court held that where the single issue in dispute in the first trial was whether the defendant had been one of the robbers, the rule of collateral estoppel made the second trial impermissible.

In DeMarco's first trial, the question was whether he conspired with Vance and Baskin to violate section 2314. The district court ruled that he had not conspired with Vance and Baskin. The issue of whether DeMarco conspired or agreed with another party to violate section 2314 is not in issue in this case.

■ To prove that DeMarco violated section 2314 by transporting or causing to be transported checks in interstate commerce *knowing* them to be taken by fraud, without presenting evidence of a conspiracy to violate section 2314 between DeMarco, Vance, and Baskin may be a monumental task. It is not our responsibility to determine whether the government is equal to the task. We determine only that the government is not foreclosed in its efforts to prove the present substantive offenses without the conspiracy evidence being introduced at the trial.

The order of the district court denying DeMarco's motion to dismiss is affirmed.

AFFIRMED