UNITED STATES of America,
Plaintiff-Appellee,

v.

Manuel BINKER, Defendant-Appellant.

No. 85–5706.

United States Court of Appeals,
Eleventh Circuit.

Sept. 15, 1986.

Melvin S. Black, Miami, Fla., Richard Sharpstein, Coconut Grove, Fla., Jack Denaro, Miami, Fla., for defendant-appellant.

Leon B. Kellner, U.S. Atty., Joseph McSorley, Linda Collins Hertz, Asst. U.S. Attys., for plaintiff-appellee.

Before VANCE and ANDERSON, Circuit Judges, and PITTMAN *, Senior District Judge.

PER CURIAM:

Manuel Binker appeals from the district court's denial of his motion to dismiss the RICO conspiracy and RICO substantive counts on the ground of double jeopardy. We affirm.

On November 16, 1984, a federal grand jury indicted Binker in the Eastern District of Louisiana for, *inter alia,* two conspiracy offenses involving the vessel HARRY I: conspiracy to import marijuana, in violation of 21 U.S.C.A. §§ 952(a), 963; and conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C.A. §§ 841(a)(1), 846. On April 18, 1985, a fourth superseding indictment was returned which, in addition to the two HARRY I conspiracy counts, charged Binker with conspiracy to import marijuana on board the vessel MARENOSTRUM, in violation of 21 U.S.C.A. §§ 952(a), 963; conspiracy to possess marijuana on board the vessel MARENOSTRUM with intent to distribute, in violation of 21 U.S.C.A. §§ 841(a)(1), 846; importation of marijuana on board the vessel MARENOSTRUM, in violation of 21 U.S.C.A. § 952(a) and 18 U.S.C.A. § 2; and possession of marijuana on board the vessel MARENOSTRUM with intent to distribute, in violation of 21 U.S.C.A. § 841(a)(1) and 18 U.S.C.A. § 2. On June 7, 1985, the jury convicted Binker of the two HARRY I conspiracy offenses, but acquitted him of the four counts involving the vessel MARENOSTRUM. Binker was sentenced to a term of five years imprisonment and a $15,000 fine for the importation conspiracy offense and a consecutive term of fifteen years imprisonment and a $125,-

---

* Honorable Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama,    sitting by designation.

000 fine for the conspiracy to possess with intent to distribute conviction.[1]

On January 9, 1985, a federal grand jury indicted Binker in the instant case in the Southern District of Florida for, *inter alia*, substantive violations of and conspiracy to violate the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C.A. §§ 1961–1968 ("RICO").[2] Prior to trial on the Florida indictment, Binker filed a motion to dismiss the RICO conspiracy and RICO substantive counts on the ground that his prosecution on these charges would violate the double jeopardy clause. The district court denied his motion to dismiss, and this appeal ensued.

Binker raises two principal issues on appeal: (1) that the offenses of conspiracy to import marijuana and conspiracy to possess marijuana with intent to distribute for which Binker had been convicted in Louisiana are lesser-included offenses of the RICO conspiracy and RICO substantive counts in the Florida indictment, and prosecution on the RICO substantive and RICO conspiracy charges in the instant case is therefore barred by the double jeopardy clause; and (2) that even if the conspiracy convictions were not lesser-included offenses, trial on the Florida RICO charges is barred by the government's failure to exercise "due diligence" in bringing separate prosecutions in Louisiana and Florida since the facts underlying the Florida RICO charges were known to both the Louisiana and Florida prosecutors *before* the Florida

indictment was returned. Binker concedes that his first contention is precluded by this court's recent decision in *United States v. Boldin*, 772 F.2d 719 (11th Cir.1985), *modified on reh'g*, 779 F.2d 618 (11th Cir.), *cert. denied*, — U.S. —, —, —, 106 S.Ct. 1269, 1498, 1520, 89 L.Ed.2d 577, 899, 917 (1986). We agree.

With respect to his second contention, we do not consider whether the government's alleged failure to exercise due diligence in subjecting Binker to multiple prosecutions could constitute a double jeopardy violation because assuming, but expressly not deciding, that this theory would provide a ground for reversal,[3] we hold that the government exercised due diligence in bringing two separate indictments in the instant case. First, at the time of the Louisiana indictment, there were other defendants besides Binker charged in that indictment,[4] and the transfer of the charges against Binker to Florida would therefore have created the possibility of two separate trials involving many of the same witnesses, evidence, and charges. In addition, the Louisiana charges involving the vessel MARENOSTRUM probably could not have been brought in Florida, and thus, even if the HARRY I charges in Louisiana were transferred to Florida, the government would still have had to try Binker in Louisiana on the charges involving the MARENOSTRUM. Under these circumstances, we hold that it was not un-

---

1. Binker's conviction for these offenses is presently on appeal to the Fifth Circuit. *United States v. Binker*, No. 85–3614.

2. Binker was also indicted for certain substantive offenses involving the vessel HARRY I, but these were not the same substantive offenses charged in the Louisiana indictment.

3. *Compare Boldin*, 772 F.2d at 732 (suggesting that the double jeopardy clause bars multiple prosecutions where "in the exercise of due diligence, [the government] knew or should have known of the defendants' participation in a continuing series of violations of section 848" at the time of their prior convictions, even if the prior convictions were not greater or lesser included offenses of the subsequent prosecution), *with Garrett v. United States*, 471 U.S. 773, 105 S.Ct.

2407, 2421, 85 L.Ed.2d 764 (1985) (O'Connor, J., concurring) (a prior acquittal or conviction on a lesser included offense does not bar subsequent prosecution for a greater offense where "the later prosecution rests on facts that the government could not have discovered earlier through due diligence"); *Brown v. Ohio*, 432 U.S. 161, 169 n. 7, 97 S.Ct. 2221, 2227 n. 7, 53 L.Ed.2d 187 (1977) (same); *Jeffers v. United States*, 432 U.S. 137, 151–52, 97 S.Ct. 2207, 2216–17, 53 L.Ed.2d 168 (1977) (plurality opinion) (same); *United States v. Tanner*, 471 F.2d 128, 141–42 (7th Cir.) (same), *cert. denied*, 409 U.S. 949, 93 S.Ct. 269, 34 L.Ed.2d 220 (1972).

4. The other defendants named in the fourth superseding indictment all pleaded guilty prior to trial, and Binker was the sole defendant to proceed to trial on the Louisiana indictment.

reasonable for the government to subject Binker to separate prosecutions on the Louisiana and Florida charges.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.