John M. FERENC, Petitioner–Appellee,

v.

Richard L. DUGGER, and Robert A. Butterworth, Attorney General, Respondents–Appellants.

No. 88–3007.

United States Court of Appeals, Eleventh Circuit.

March 15, 1989.

Sean Daly, Asst. Atty. Gen., Daytona Beach, Fla., for respondents-appellants.

Robert A. Leventhal, Orlando, Fla., for petitioner-appellee.

Before RONEY, Chief Judge, HATCHETT, Circuit Judge, and HENDERSON, Senior Circuit Judge.

HENDERSON, Senior Circuit Judge:

This is an appeal from an order of the United States District Court for the Middle District of Florida granting federal habeas corpus relief to the petitioner, John Ferenc, pursuant to 28 U.S.C. § 2254. The sole issue on appeal is whether the doctrine of collateral estoppel precludes the State's use of evidence, previously suppressed on fourth amendment grounds in a prior state

court proceeding, in a subsequent, unrelated criminal action against the same defendant.

Ferenc's odyssey through the Florida courts began in 1983, when he was arrested in Escambia County, Florida on suspicion of burglary. Officer Shook of the Pensacola Police Department apprehended Ferenc, who matched the suspect's description, approximately one-half mile from the scene of the burglary. After a backup unit arrived, the officers observed the outline of a handgun in Ferenc's pants pocket. The resulting arrest and search of Ferenc's person produced the revolver, a screwdriver, a pair of gloves, three penlight flashlights, and a set of keys. Officer Shook used the keys to open Ferenc's nearby van and discovered, among other things, a stamp and coin collection allegedly stolen from a Seminole County residence. The van was impounded and a warrant for the search was later obtained. The petitioner was charged with attempted burglary, possession of a firearm and possession of burglary tools in Escambia County.

In the Escambia County trial, Ferenc filed a pretrial motion to suppress all evidence seized during the search. The trial court denied the petitioner's motion to suppress evidence found on his person, but excluded all items seized from the van, including the stamp and coin collection, for the reason that Ferenc had not consented to Officer Shook's search of the van. The trial court also rejected the State's argument that the officer had probable cause to search the van to determine the presence of a second suspect. The Escambia County prosecuting attorney did not seek an interlocutory appeal on this ruling, electing instead to proceed directly to trial. Ferenc

was convicted of all offenses as originally charged in that county.

Approximately one year later, Ferenc was charged in Seminole County with first-degree grand theft of the stamp and coin album found in his van. Relying on the Escambia County suppression order, Ferenc filed a motion to dismiss information and motion to suppress the evidence seized from the van during the search. The Seminole County court denied the motions, holding that the State was not collaterally estopped from relitigating the suppression issue because Ferenc's previous Escambia County pretrial motion to suppress did not place him in double jeopardy. The court then denied Ferenc's renewed motion to suppress, holding that the search of the van and resulting seizure of the collection were not unlawful.[1] Ferenc was convicted on the grand theft charge and appealed to the Florida Fifth District Court of Appeal, which affirmed his conviction. *Ferenc v. State*, 462 So.2d 28 (Fla.Dist.Ct.App.1984) (per curiam).

Ferenc then filed a petition for a writ of habeas corpus in the federal district court, urging again that the Escambia County suppression order precluded the Seminole County court from addressing the fourth amendment seizure issue.[2] The State maintained, as it had in the Seminole County trial, that the doctrine of collateral estoppel was not invoked because the Escambia County suppression hearing did not "necessarily result in the determination of a factual issue through a final judgment." The district court disagreed, holding that the fourth amendment issue of the lawfulness of the search previously had been decided by the Escambia County trial court in a valid and final judgment, barring introduction of the evidence from that search in

---

1. The Seminole County trial court considered the petitioner's motion to suppress in light of the United States Supreme Court's intervening decision in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In *Leon*, the Court held that suppression under the fourth amendment's exclusionary rule would not be justified as a matter of law where the police had acted lawfully and in good faith in obtaining a search warrant, although ultimately found to be unsupported by probable cause. 468 U.S. at 900, 104 S.Ct. at 3409, 82 L.Ed.2d at

684. Apparently, however, the *Leon* decision was not critical to the trial court's finding that the search was lawful, because it held that the officers' plainview observation of the items in the van established probable cause for the subsequent issuance of a search warrant.

2. Ferenc also alleged that he was deprived of a full and fair suppression hearing in the Seminole County court. This claim of error is not an issue in this appeal.

the subsequent Seminole County trial. The district court found that the Seminole County court's failure to honor the Escambia County suppression order violated Ferenc's fifth amendment right to be free from double jeopardy and accordingly issued the writ of habeas corpus. The State filed this appeal.

In a criminal proceeding, the protection of collateral estoppel is embodied in the fifth amendment guarantee against double jeopardy. *Ashe v. Swenson,* 397 U.S. 436, 445, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469, 476 (1970); *United States v. Demarco,* 791 F.2d 833, 836 (11th Cir.1986). Collateral estoppel, however, is limited in its application. Its parent doctrine, double jeopardy, prohibits prosecution of the crime itself, whereas collateral estoppel "simply forbids the government from relitigating certain facts in order to establish the fact of the crime." *United States v. Mock,* 604 F.2d 341, 343 (5th Cir.1979).

The Supreme Court laid the cornerstone for the doctrine of collateral estoppel in *Ashe v. Swenson, supra.* The Court there held collateral estoppel simply to mean "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot be litigated between the same parties in any future lawsuit." 397 U.S. at 443, 90 S.Ct. at 1194, 25 L.Ed.2d at 475. This principle extends to prevent redetermination of evidentiary facts as well as ultimate facts. *United States v. Lee,* 622 F.2d 787, 789 (5th Cir. 1980), *cert. denied,* 451 U.S. 913, 101 S.Ct. 1987, 68 L.Ed.2d 303 (1981); *Blackburn v. Cross,* 510 F.2d 1014, 1019 (5th Cir.1975).

*Ashe*'s progeny in the Eleventh Circuit Court of Appeals have held collateral estoppel to apply in either of two ways: "(1) it may bar prosecution or argumentation of facts necessarily established in a prior proceeding; or (2) it may completely bar subsequent prosecution where one of the facts necessarily determined in the former trial is an essential element of the conviction the government seeks." *United States v. De-Marco, supra,* 791 F.2d at 836; *accord United States v. Griggs,* 735 F.2d 1318, 1326 (11th Cir.1984). Thus, two inquiries

are necessary. First, what facts were necessarily determined in the first trial? Second, did the State in the second trial attempt to relitigate facts necessarily established against it at the first trial? *See United States v. Irvin,* 787 F.2d 1506, 1515 (11th Cir.1986) (citing *United States v. Mock, supra,* 604 F.2d at 343).

■ Initially, we take note of the State's argument that collateral estoppel is not implicated where, as the State contends, the issue of the lawfulness of the search is a question of law and not one of ultimate or evidentiary fact. Collateral estoppel bars only the reintroduction or relitigation of *facts* already established against the government. *Mock, supra,* 604 F.2d at 343. To the extent that the determination of a search and seizure's lawfulness depends upon the particular circumstances of each case, however, the fourth amendment inquiry is, by necessity, a mixed question of law and fact. Analysis of the petitioner's claim within a collateral estoppel framework is therefore appropriate.

Only those facts which *necessarily* were determined in the first prosecution are foreclosed from reexamination at the subsequent trial. *Griggs, supra,* 735 F.2d at 1326 (citing *United States v. Lee, supra,* 622 F.2d at 790). A "necessarily determined" or "necessarily established" fact must meet two requirements for purposes of collateral estoppel. First, the issue sought to be foreclosed from consideration must have been resolved in the defendant's favor at the prior trial. *United States v. Corley,* 824 F.2d 931, 935 (11th Cir.1987); *United States v. Nelson,* 599 F.2d 714, 716 (5th Cir.1979). The rationale behind this requirement is to prevent the government from forcing a defendant to defend against charges or factual allegations which he overcame in an earlier trial. *United States v. Corley, supra,* 824 F.2d at 935. Second, the fact which the defendant seeks to exclude must have been essential to conviction in the first trial. In *United States v. Smith,* 757 F.2d 1161, 1165 n. 2 (11th Cir. 1985), this court noted that "if the government were to try to prove the same factual issue in two trials, an adverse decision in

the first trial would prevent relitigation of that same issue if it was critical to the first prosecution." *See also United States v. Nelson, supra,* 599 F.2d at 716 (collateral estoppel doctrine precludes government from relitigating issues of fact that were essential to conviction where such facts were determined favorably to defendant in a prior judgment).

■ It cannot be said that any ultimate or evidentiary fact was necessarily resolved in Ferenc's favor at the Escambia County trial, where he was ultimately convicted of all offenses as originally charged. He could not have "overcome" the issue of the lawfulness of the search of the van when the challenged evidence never was a part of a charge or factual allegation against him in the first trial. Even more significantly, the suppressed evidence simply was not essential to a determination of the petitioner's guilt of the Escambia County charge. Ferenc was charged with and convicted of attempted burglary, possession of a firearm and possession of burglary tools, none of which required for proof the introduction of the stamp and coin album that was confiscated from the van. Thus, the State was not prohibited from relitigating the fourth amendment issue in the Seminole County trial because those facts giving rise to the suppression order were not *necessarily established* against the State in the Escambia County trial.

The district court in reaching its conclusion relied upon a decision of the former Fifth Circuit Court of Appeals, *United States v. McKim,* 509 F.2d 769 (5th Cir. 1975). Other decisions of this court dealing with the collateral estoppel issue primarily have involved fact situations in which the defendant was acquitted of a substantive offense and later tried for conspiracy to commit that offense, or vice versa.[3] *McKim* is factually more similar to the instant case because it involved the government's prosecution of the defendant for two unrelated offenses. A closer inspection of *McKim,* however, reveals a crucial distinction which renders the court's decision inapplicable here.

In *McKim* the defendant, who had been arrested by the United States Border Patrol for possession of marijuana, escaped from federal custody but subsequently was caught and rearrested. McKim was tried and convicted of the marijuana offense, but his conviction was reversed in the appellate court because the border patrol agents lacked probable cause for the stop and search giving rise to McKim's arrest. Over a year later, McKim was tried and convicted for the offense of escape from federal custody. The defendant contended on appeal that the government was collaterally estopped from asserting the lawfulness of the search and arrest, and that reversal of his conviction was required since a lawful arrest was a prerequisite element of the offense of escape from federal custody. The court of appeals agreed, holding that its earlier ruling on the stop and search issue negated the lawfulness of the arrest. The issue of the lawfulness of the arrest was essential to the prosecution for possession of marijuana, and it was determined favorably to the defendant. Thus, in his subsequent trial for escape from federal custody, the government could not relitigate the lawfulness of the arrest because that issue necessarily had been determined in McKim's favor in the first trial. *United States v. McKim,* 509 F.2d at 775. In other words, the lawfulness of his arrest was an essential element for the conviction of both crimes.

In the instant case, however, a determination of the lawfulness of the search of the van was not essential to Ferenc's prosecution for attempted burglary, possession of a firearm, or possession of burglary tools. This issue was not "necessarily established" in the petitioner's favor, thereby entitling the State to relitigate the fourth amendment question. In *Ashe v. Swenson,*

---

**3.** *See, e.g., United States v. Corley,* 824 F.2d 931 (11th Cir.1987); *United States v. DeMarco,* 791 F.2d 833 (11th Cir.1986); *United States v. Irvin,* 787 F.2d 1506 (11th Cir.1986); *United States v. Griggs,* 735 F.2d 1318 (11th Cir.1984); *accord United States v. Lee,* 622 F.2d 787 (5th Cir.1980), *cert. denied,* 451 U.S. 913, 101 S.Ct. 1987, 68 L.Ed.2d 303 (1981); *United States v. Mock,* 604 F.2d 341 (5th Cir.1979); *United States v. Nelson,* 599 F.2d 714 (5th Cir.1979).

*supra,* the Court noted that collateral estoppel did not apply if the verdict "could [be] grounded . . . upon an issue other than that which the defendant seeks to foreclose from consideration." 397 U.S. at 444, 90 S.Ct. at 1194, 25 L.Ed.2d at 475–76; *accord Irvin, supra,* 787 F.2d at 1515–16. Here, Ferenc's conviction in the Escambia County trial depended not at all upon the suppressed evidence found in the van. Collateral estoppel was therefore not a bar to the State's introduction of this evidence in its subsequent prosecution of Ferenc for grand theft. Accordingly, the district court's order granting the petitioner habeas corpus is REVERSED.