UNITED STATES of America

v.

**Ralph MAZA.**

**No. 89–14–CR–T–15A.**

United States District Court,
M.D. Florida,
Tampa Division.

May 17, 1991.

Joe Ruddy, Asst. U.S. Atty., Tampa, Fla., for U.S.

Michael Ruffino, Coral Gables, Fla., for Ralph Maza.

## ORDER

CASTAGNA, District Judge.

Now before the Court are two separate motions by defendant Maza for the dismissal of count four of the second superseding indictment (D-534, 579). This count charges defendant with having engaged in a continuing criminal enterprise [CCE] in violation of 21 U.S.C. § 848. An evidentiary hearing was held on April 15, 1991, at which the relevant factual background was adduced by proffer. No substantial factual disagreement was disclosed at the hearing, and the Court therefore will address the issues presented as questions of law.

## I.

The second of defendant's motions to dismiss contends that the CCE count is barred by collateral estoppel. Defendant had previously pled guilty to and was sentenced for conspiracy to possess with intent to distribute at least five kilograms of cocaine. These prior proceedings were brought in the United States District Court for the Southern District of Florida before the Honorable James W. Kehoe. The conspiracy for which defendant was convicted and sentenced in the Southern District was part of the larger pattern which constitutes the CCE count here.

At the sentencing hearing Judge Kehoe ruled, over the government's objection, that defendant was a minor participant in the conspiracy, and thus allowed a two level reduction in the sentencing guidelines calculation. Defendant contends that this prior determination bars the government from prosecuting the defendant here for a CCE, because an element of the CCE offense is that one acted as an organizer, supervisor, or otherwise managed at least five others engaged in criminal activities.

For purposes of argument the Court accepts defendant's contention that it is impossible for one to be both a minor participant and a kingpin of the same group of narcotic traffickers at the same time. The government has presented nothing in opposition to this conclusion, which is compelled by comparing the requisites for the status of drug kingpin with that of minor participant. The question then presented is whether a finding of fact at a federal sentencing hearing provides a basis for collateral estoppel if the defendant is subsequently charged with an offense an element of which is inconsistent with the finding of fact in the prior sentencing hearing.

The government contends that *Ferenc v. Dugger*, 867 F.2d 1301 (11th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 95, 107 L.Ed.2d 59 (1989), answers this question in its favor. In that case, "[t]he sole issue on appeal [was] whether the doctrine of collateral estoppel precludes the State's use of evidence, previously suppressed on fourth amendment grounds in a prior state court proceeding, in a subsequent, unrelated criminal action against the same defendant." *Id.* at 1301–1302. The court there noted that collateral estoppel, as introduced

to the criminal law by *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), "may completely bar subsequent prosecution where one of the facts necessarily determined in the former trial is an essential element of the conviction the government seeks." *Id* at 1303 (quoting *United States v. DeMarco,* 791 F.2d 833, 836 (11th Cir.1986).

*Ferenc* continues that "[o]nly those facts which *necessarily* were determined in the first prosecution are foreclosed from reexamination at the subsequent trial." *Id.* at 1303. Such a fact must have been both resolved in the defendant's favor at the prior trial and "must have been essential to conviction in the first trial." *Id.* From the latter, *Ferenc* draws the conclusion that since a suppression order is not essential to a determination of guilt, no collateral estoppel effect may arise from such an order. *Id.* at 1304.

The government's position—that *only* those facts which were found against the government in a prior proceeding and which were necessary to an element of the offense in the prior proceeding may have estoppel effect—goes too far. *Ferenc* does not purport to resolve any question with respect to findings of fact in a sentencing hearing. To have ruled so broadly, moreover, would be inconsistent with Supreme Court decisional law in the realm of capital punishment. *Bullington v. Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981) (where defendant was sentenced to life imprisonment by a jury following an evidentiary hearing, but the conviction was reversed on appeal, the defendant could not be sentenced to death following conviction on retrial).

The Court's decision in *Bullington,* however, places heavy emphasis upon the nature of the sentencing proceeding at issue in the case, concluding that:

> Because the sentencing proceeding at petitioner's first trial was like the trial on the question of guilt or innocence, the protections afforded by the Double Jeopardy Clause to one acquitted by a jury also is available to him, with respect to the death penalty, at his retrial.

*Id.* at 446, 101 S.Ct. at 1862. See also *Arizona v. Rumsey,* 467 U.S. 203, 212, 104 S.Ct. 2305, 2310, 81 L.Ed.2d 164 (1984) (*"Bullington v. Missouri* held that double jeopardy protections attach to Missouri's capital sentencing proceeding because that proceeding is like a trial. The capital sentencing proceeding in Arizona is indistinguishable for double jeopardy purposes from the proceeding in Missouri.") The characteristics the Court identified as making the sentencing proceedings comparable to a trial are several: (1) the discretion of the sentencer is substantially restricted; (2) factual determinations are to be guided by substantive standards and as a result of evidence taken in a separate hearing which formally resembles a trial; and (3) findings of fact to justify a sentence of death must be proven beyond a reasonable doubt. *Rumsey,* 467 U.S. at 209–210, 104 S.Ct. at 2309–2310; *Bullington,* 451 U.S. at 438–441, 101 S.Ct. at 1857–1859.

Most of the courts which have examined double jeopardy challenges to habitual offender proceedings analyze the question similarly. See *Durosko v. Lewis,* 882 F.2d 357, 359 (9th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1930, 109 L.Ed.2d 294 (1990); *Nelson v. Lockhart,* 828 F.2d 446 (8th Cir.1987), *reversed on other grounds,* 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988) ("Under *Bullington,* then, double jeopardy attaches to sentencing proceedings if the process of determining the defendant's punishment was similar to the process of determining guilt."); *Briggs v. Procunier,* 764 F.2d 368 (5th Cir.1985); *Bullard v. Estelle,* 665 F.2d 1347, 1359 (5th Cir.1982), *vacated on other grounds,* 459 U.S. 1139, 103 S.Ct. 776, 74 L.Ed.2d 987 (1983) ("Implicity, (sic) [after *Bullington* ] enhancement proceedings such as this Texas proceeding, where there are findings of fact similar to the findings in the guilt phase of the trial, are ... within the penumbra [of the double jeopardy clause]."). Contra *Denton v. Duckworth,* 873 F.2d 144, 148 (7th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 341, 107 L.Ed.2d 330 (1989) (finding that double jeopardy does not attach to habitual offender proceedings); *Baker v. Duckworth,* 752 F.2d 302

(7th Cir.1985), *cert. denied,* 472 U.S. 1019, 105 S.Ct. 3483, 87 L.Ed.2d 618 (1985); *Linam v. Griffin,* 685 F.2d 369 (10th Cir. 1982), *cert. denied,* 459 U.S. 1211, 103 S.Ct. 1207, 75 L.Ed.2d 447 (1983) (same). Accordingly, this Court is persuaded that the answer to the question presented depends on whether federal sentencing proceedings under the sentencing guidelines bear sufficient similarities to a trial on the question of guilt or innocence in order to require application of the double jeopardy clause.

Upon due consideration of the question, the Court is persuaded that federal sentencing proceedings are not so like a trial as to bring to bear the protections from double jeopardy. In the vast majority of instances the only "evidence" considered at the sentencing hearing to determine the guidelines calculation is the information in the presentence investigation [PSI] report. This report is prepared by an officer of the United States Probation Service, who relies in part on the input of the government and the defense. If there is any dispute regarding the record as presented by the PSI, the objecting party may make its dispute known to the court, which then will resolve the issue according to the procedures listed in Chapter 6 of the Guidelines Manual.

Although the procedures provided by Chapter 6 are substantially more formal than pre-guidelines practice, they fall short of the rigor of a trial on the question of guilt or innocence. For example, the court is not limited to considering evidence which would normally be admissable under the rules of evidence. Information may be relied upon provided it has "sufficient indicia of reliability to support its probable accuracy." *United States v. Williams,* 891 F.2d 921, 924 n. 3 (D.C.Cir.1989). The commentary to the Guidelines Manual, § 6A1.3 provides that "[t]he sentencing court must determine the appropriate procedure in light of the nature of the dispute, its relevance to the sentencing determination, and applicable case law." Thus the procedures employed will vary depending on the importance and nature of the factual dispute. Finally, the standard of proof with respect to factual disputes is preponderance of the

evidence, not beyond a reasonable doubt. *United States v. Alston,* 895 F.2d 1362, 1373 (11th Cir.1990). These qualities of sentencing proceedings under the sentencing guidelines are sufficient to take facts found in such proceedings out the scope of the above-discussed decisions regarding death penalty or habitual offender sentencing proceedings. Accordingly, defendant's motion to dismiss on this basis will be denied.

## II

■ Defendant's first motion to dismiss (D–534) includes two separate legal arguments. The first argument, that the prior conviction in the Southern District is a lesser included offense or predicate offense of the CCE charge here, thus barring this prosecution, is disposed of by the recent decision in *United States v. Gonzalez,* 921 F.2d 1530 (11th Cir.1991). In *Gonzalez,* defendant's primary authority, *Grady v. Corbin,* —— U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), was "limited to single act crimes." *Gonzalez,* 921 F.2d at 1537. In light of *Gonzalez,* the prosecution here is not barred by defendant's lesser included offense or predicate offense theory.

■ Defendant's second theory, referenced only obliquely in the memorandum but fleshed out at the hearing, is that the government is precluded from bringing further charges here by the rule enunciated in *United States v. Boldin,* 772 F.2d 719, 732 (11th Cir.1985), *modified,* 779 F.2d 618 (1986), *cert. denied,* 475 U.S. 1048, 106 S.Ct. 1269, 89 L.Ed.2d 577 (1986). There the Court accepted appellants' theory that "the government subjects them to multiple prosecutions because, in the exercise of due diligence, it knew or should have known of the appellants' participation in a continuing series of violations of section 848." *Id.*

The Assistant United States Attorney related the history of the investigation and prosecution of defendant Maza at the hearing on the pending motions. Without restating that narrative, suffice it to say that the prosecutor in the Southern District at the time of defendant's plea there had pre-

cisely the same evidence against the defendant as the AUSA here at the time he obtained the superseding indictment which charged the CCE count. This concession brings the facts of this case to the absolute center of the above-quoted rule announced in *Boldin*. The government has conceded that the prosecutor in the Southern District had available to him all of the information which was relied upon by the prosecutor in this District, but failed to charge the defendant with a CCE violation. Under *Boldin*, this lack of due diligence by the prosecutor in the Southern District bars the prosecution in this case. See also *United States v. Binker*, 799 F.2d 695 (11th Cir.1986), *cert. denied*, 479 U.S. 1089, 107 S.Ct. 1296, 94 L.Ed.2d 152 (1987). Accordingly, and pursuant to *Boldin*, it is

ORDERED:

Defendant's motion to dismiss (D–534) is GRANTED, and count four of the second superseding indictment is DISMISSED.

DONE AND ORDERED.