593 So.2d 1065 (1992)
STATE of Florida, Appellant,
v.
Sterling STRONG, Sr., Albert Lee Turner, Maeola Strong and Herman Callins, Jr., Appellees.
No. 89-3111.
District Court of Appeal of Florida, Fourth District.
January 8, 1992.
Rehearing Denied March 27, 1992.
*1066 Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellant.
Harry G. Robbins, North Miami Beach, for appellee-Callins.
Theota McClaine, Jr., Fort Lauderdale, for appellees-Strong, Turner and Strong.
DOWNEY, Judge.
Appellant, State of Florida, perfected this non-final appeal from an order in a criminal case granting appellee's motion to suppress evidence.
It appears from the record that appellees had been under surveillance by the Broward County Sheriff's Department, which led to a stop and search of their automobile that was allegedly transporting cocaine from Fort Lauderdale to Hillsborough County. They were informed against in both counties, specifically for racketeering (RICO) and conspiracy to traffic in cocaine in Hillsborough County and with armed trafficking in cocaine in Broward County. During the trial of the charges in Hillsborough County, the trial court granted a motion to suppress the cocaine seized in the automobile stop in Broward County. Nevertheless, the trial proceeded in Hillsborough and, although the court granted a judgment of acquittal on the conspiracy *1067 count, appellees were ultimately convicted of racketeering.
In the present case, appellees filed a motion to suppress on various grounds, including res judicata and collateral estoppel vis-a-vis the evidence suppressed by the trial court in the Hillsborough prosecution. From an order granting that motion, the state appeals.
The appellate issue presented here is the applicability of the doctrine of collateral estoppel as that rule of law was explicated in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Appellees contend that the state is estopped to litigate once again the propriety of the search and seizure of the contraband seized in Broward County, which the Hillsborough County Circuit Court suppressed. The state responds that appellees cannot rely upon collateral estoppel in the defense of the present case because, simply put, the evidence suppressed in the Hillsborough County proceeding was not essential to a determination of the appellees' guilt in that case. We have concluded that the state is correct in its analysis of the correct application of the legal principle involved, thus mandating a reversal of the order appealed from.
From the fifth amendment guarantee against double jeopardy in the United States Constitution there has evolved the doctrine of collateral estoppel, which means that, when an issue of ultimate fact has been determined by a valid and final judgment, that issue cannot be relitigated between the same parties in any future lawsuit. Ashe. The principle precludes the government from relitigating certain facts in order to establish the fact of the crime, which includes a redetermination of evidentiary facts as well as ultimate facts. United States v. Lee, 622 F.2d 787 (5th Cir.1980). Collateral estoppel may be employed to bar prosecution or argumentation of facts necessarily established in a prior proceeding, or it may be utilized to bar subsequent prosecution where one of the facts necessarily determined in the former trial is an essential element of the crime presently charged. United States v. DeMarco, 791 F.2d 833 (11th Cir.1986). A necessarily established fact has been held to be one which has been resolved in favor of the defendant at the prior trial and was essential to the conviction in said case. However, as the court said in Ashe, collateral estoppel does not apply if the verdict could be grounded upon an issue other than that which the defendant seeks to foreclose from consideration.
Adverting to the present case, an analysis of the charges and trial proceeding in the Hillsborough County case leads us to the conclusion that the evidence that appellees seek to suppress here, and which was suppressed there, was not an essential part of the crime charged. Indeed, the evidence was suppressed but the appellees were convicted.
Interestingly enough, in the Hillsborough proceedings, the trial court twice declined to suppress the evidence in question. It was, in due course, admitted into evidence, after which the state rested. Then only did the court decide to grant the motion to suppress. At that point, as the state contends, if the court had felt the suppressed evidence was essential to a determination of the guilt or innocence of the appellees, he would have dismissed the case or granted a mistrial. Furthermore, after the state rested and the court ordered suppression of the subject evidence, the state moved for a mistrial, which the appellees opposed. So it is apparent that neither the court nor appellees, at that time, felt the subject evidence was essential to a conviction of racketeering charges in Hillsborough County.
In view of the foregoing, we agree with the state that the requisite elements of collateral estoppel are not existent under the peculiar facts of this case and that the evidence in question was erroneously suppressed.
GARRETT, J., concurs.
POLEN, J., dissents, with opinion.
*1068 POLEN, Judge, dissenting.
I respectfully dissent. The majority opinion focuses on the definition of a "necessarily established" fact, in determining whether collateral estoppel should be applied to preclude the state from re-litigating the admissibility of evidence. I agree that this is the pivotal issue presented by this appeal. Where I disagree with the majority opinion is in its application of the definition of a "necessarily established" fact as contained in Ashe, to the circumstances presented by the instant case. If the rule of collateral estoppel is applied to these facts "with realism and rationality," Ashe v. Swenson, 397 U.S. 436, 444, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469, 475 (1970), we must conclude that the issue of the admissibility of the evidence in this case was necessarily established during appellant's first trial.
The majority cites United States v. DeMarco, 791 F.2d 833 (11th Cir.1986), for the proposition that "[c]ollateral estoppel may be employed to bar prosecution or argumentation of facts necessarily established in a prior proceeding, or it may be utilized to bar subsequent prosecution where one of the facts necessarily determined in the former trial is an essential element of the crime presently charged." While this statement of law is accurate, I would suggest that it supports affirmance of the trial court's suppression of the cocaine below. Since the "necessarily established fact"  that the cocaine was obtained as a result of an illegal stop, and thus subject to suppression  was decided in appellees' favor in the Hillsborough County trial, the state should be estopped from relitigating that fact in the present prosecution. This is not to say that the state should be precluded from going forward with the Broward County prosecution, but only that they cannot use the cocaine seized as evidence (much like the eleventh circuit held the government could not use evidence of the conspiracy from the prior prosecution in DeMarco).
The definition of a necessarily established fact contained in Ashe presumes a general verdict of acquittal, and establishes the procedure by which a reviewing court is to determine whether the issue sought to be collaterally estopped was reached by the jury in returning that general verdict. This procedure does not translate well to the circumstances presented by a case such as the instant one, where a motion to suppress is decided during trial on a RICO charge. It is not necessary in the instant case to examine the pleadings, evidence, and charge, as it was in Ashe, to determine whether an issue was reached. Here, there is no question regarding whether the Hillsborough County trial court reached the issue of suppression of the evidence. It did. And it ruled in favor of appellees.
Applying Ashe, the majority finds that the suppression issue was not essential to the final judgment in the Hillsborough County RICO case, because the jury returned a verdict of guilty even though the evidence had been suppressed. However, looking at the court's actions realistically and rationally, the suppression ruling resulted in the elimination of one of the predicate acts; an "acquittal" of sorts as concerned that act. The fact that the evidence was unlawfully seized was as necessary to the elimination of that predicate act from the RICO charge as it would have been to a judgment of acquittal on a possession charge. The ultimate outcome of the RICO case does not lessen the degree to which the final judgment reflects the court's ruling that the evidence was seized unlawfully and was therefore inadmissable. The unique character of the elements comprising a RICO charge should not vary the conclusion that the issue of the lawfulness of the seizure was necessarily established in the first trial.
The result reached by the majority is at odds with the very purpose underlying application of the collateral estoppel doctrine in a criminal law context. In Ashe, the court explained that the issue presented by that case was "simply whether, after a jury determined by its verdict that the petitioner was not one of the robbers, the state could constitutionally hale him before a new jury to litigate that issue again." Ashe, 90 S.Ct. at 1195 (emphasis added). Similarly, the issue presented by the instant *1069 appeal is whether, after a judge determines that evidence has been seized in violation of a defendant's constitutional rights[1], the state could hale the defendant before a new judge to litigate that issue again. The answer must be no. The state may not treat its first attempt to secure a favorable ruling from the court as a "dry run" for argument in a second prosecution[2]. Ashe, 90 S.Ct. at 1196.
I would affirm the order granting appellees' motion to suppress on collateral estoppel grounds.
NOTES
[1] The issue of whether or not evidence is illegally seized, and thus subject to suppression, is solely the province of the judge, not the jury.
[2] Clearly, the "State of Florida" is the same plaintiff in both cases, albeit represented by different attorneys. Neither side argues this point.