906 So.2d 293 (2004)
Kevin M. CAMPBELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-3813.
District Court of Appeal of Florida, Second District.
May 28, 2004.
Opinion Following Remand April 29, 2005.
Rehearing Denied June 9, 2005.
*294 Shea T. Moxon, Tampa, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and C. Suzanne Bechard, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Kevin M. Campbell seeks review of the final judgment and sentence adjudicating Campbell guilty, following a jury trial, of a RICO violation, conspiracy to commit RICO, and conspiracy to possess cocaine. Campbell argues that the trial court erred in failing to reach the merits of his motions to suppress based on res judicata. We agree and temporarily relinquish jurisdiction to the trial court for reconsideration of Campbell's motions to suppress.
In 1997, Campbell filed a motion to suppress in a separate case seeking to suppress evidence obtained from a search of his apartment in 1997. That motion argued that the search warrant was not supported by probable cause and the good-faith exception did not apply. The trial court denied the motion to suppress, and Campbell later resolved all of the charges against him by pleading to one misdemeanor count.
On April 10, 2002, prior to trial in this case, Campbell filed a similar motion to suppress evidence obtained from the search of his apartment in 1997 and a motion to suppress evidence obtained through a wiretap. The application for authorization of the wiretap included the 1997 apartment search as part of its factual basis for probable cause. Both motions to suppress again argued that the affidavit in support of the 1997 search warrant lacked probable cause and that the good-faith exception to the suppression rule did not apply. The trial court denied the motion to suppress evidence obtained from the 1997 search based on res judicata and *295 subsequently denied the motion to suppress the wiretap.
The de novo standard of review applies to a trial court's ruling that a defendant is barred from obtaining relief on the grounds of res judicata or collateral estoppel. See State v. McBride, 848 So.2d 287, 288 (Fla.2003). For the doctrine of res judicata to preclude a subsequent action between parties to a previous judgment, there must be (1) identity in the thing sued for, (2) identity of the cause of action, (3) identity of the persons and parties to the actions, and (4) identity of the quality or capacity of the person for or against whom the claim is made. State St. Bank & Trust Co. v. Badra, 765 So.2d 251, 253 (Fla. 4th DCA 2000). The party claiming the benefit of res judicata has the burden of establishing with sufficient certainty, by the record or by extrinsic evidence, that the matter was formerly adjudicated. Id. at 253.
In this case, the State never presented the trial court with the charging document or the final judgment from the 1997 prosecution. However, it is clear that the cause of action in the present case cannot be identical to the 1997 case because all three counts charged against Campbell in the present case alleged continuing offenses committed from January 1, 1991, through July 22, 1999, well after the 1997 case. Thus, it was error to deny Campbell's motions to suppress based on res judicata. However, the State argues in the alternative that collateral estoppel precluded Campbell from raising the same probable cause issue challenging the 1997 search. See Stuart v. State, 360 So.2d 406 (Fla.1978) (holding that affirmance is required when the ruling is correct, albeit for the wrong reasons).
In contrast to res judicata, collateral estoppel does not require identity of causes of action. See Brown v. State, 397 So.2d 320, 322 (Fla. 2d DCA 1981). For the doctrine of collateral estoppel to preclude relitigation of an issue in a subsequent action, the parties and issues must be identical, and the particular matter must have been fully litigated and determined in a contest resulting in a final decision of a court of competent jurisdiction. Dep't of Health & Rehabilitative Servs. v. B.J.M., 656 So.2d 906, 910 (Fla. 1995). The party claiming collateral estoppel bears the burden of showing its applicability with sufficient certainty through the record or extrinsic evidence. See Meyers v. Shore Indus., Inc., 597 So.2d 345, 346 (Fla. 2d DCA 1992).
State v. Strong, 593 So.2d 1065, 1067 (Fla. 4th DCA 1992), further explains that collateral estoppel "may be employed to bar prosecution or argumentation of facts necessarily established in a prior proceeding." In Strong, the State was not estopped from relitigating a previously granted motion to suppress because it was clear that the evidence suppressed in the prior proceeding "was not essential to a determination of the appellees' guilt in that case." 593 So.2d at 1067.
In this case, the State filed an excerpt of the transcript from the 1997 motion hearing which shows that there were at least five counts charged in the 1997 prosecution and that the denial of the motion to suppress the search of the apartment only applied to counts three, four, and five. However, there is no indication in the record that Campbell was convicted in counts three, four, or five. The transcript excerpt shows only that Campbell resolved all of the 1997 criminal charges against him by pleading to one misdemeanor count, and the State presented no other evidence to show what was initially charged against Campbell or how each charge was resolved. Based on the record *296 before us, it is not clear that the trial court's denial of Campbell's motion to suppress in 1997 was essential to his misdemeanor conviction in that case. Thus, we are unable to conclude that the requisite elements of collateral estoppel were present to bar Campbell from rearguing the probable cause challenge to the 1997 search.
In summary, it was error to deny Campbell's motion to suppress based on res judicata, and the record does not support an application of collateral estoppel. Therefore, we are unable to determine at this time whether a new trial is required. Accordingly, we relinquish jurisdiction of this cause to the trial court for ninety days for the trial court to hold an evidentiary hearing on Campbell's motions to suppress. The State is not precluded from raising a collateral estoppel argument at the evidentiary hearing. Campbell shall immediately notify this court of the trial court's disposition by filing a transcript of the proceedings and a certified copy of the court's order. Thereafter, we will give further consideration to the questions raised by this appeal.
SILBERMAN and COVINGTON, JJ., Concur.

OPINION FOLLOWING REMAND
STRINGER, Judge.
Kevin M. Campbell seeks review of the final judgment and sentence adjudicating Campbell guilty of a RICO violation, conspiracy to commit RICO, and conspiracy to possess cocaine, following a jury trial. Campbell's appeal raises issues regarding a proposed jury instruction, sufficiency of the evidence to support his convictions, and the trial court's denial of his motions to suppress evidence obtained from an illegal search and wiretap. In Campbell v. State, 29 Fla. L. Weekly D1291 (Fla. 2d DCA May 28, 2004), this court temporarily relinquished jurisdiction to the trial court for reconsideration of Campbell's motions. Following an evidentiary hearing, the trial court entered an order suppressing the following evidence:
any item found or located in the apartment which was the subject of the warrant; the address of the apartment; any item, statements, recordings or information which were fruits of or products of the search of the vehicle or the search of the apartment, including any statement or comment made by the defendant regarding the apartment or any of its contents.
In light of the trial court's determination that the above evidence was admitted to the jury in error, we now consider whether it was harmless beyond a reasonable doubt for the jury to receive the subsequently suppressed evidence. See Heuss v. State, 687 So.2d 823, 824 (Fla.1996); State v. DiGuilio, 491 So.2d 1129 (Fla.1986). After evaluating the impact of the erroneously admitted evidence in light of the strength of the overall case against Campbell, we conclude that the error was harmless since the verdict could not reasonably have been affected by the error. Accordingly, we affirm the convictions.
We affirm without comment as to Campbell's proposed jury instruction issue.
Affirmed.
WHATLEY[1] and SILBERMAN, JJ., Concur.
NOTES
[1] Judge Whatley has been substituted for Judge Covington, who was on the original Campbell panel.