903 So.2d 1051 (2005)
Bill A. CORBIN, Petitioner,
v.
Doris BAYLES, In re: Estate of Irvin Rayford Bayles, Respondent.
No. 1D04-5704.
District Court of Appeal of Florida, First District.
June 17, 2005.
Petitioner, pro se.
Glenda F. Swearingen, Marianna, for Respondent.
PER CURIAM.
Appellant Bill A. Corbin petitions this Court for a writ of certiorari challenging the trial court's order finding that the doctrine of res judicata bars his petition to determine attorney's fees and costs. We treat the petition for writ of certiorari as an appeal from a final order because the order below finally adjudicates appellant's right to attorney's fees. See Fla. R. App. P. 9.040(c); Dep't of Transp. v. Fla. Comm'n on Human Relations, 842 So.2d 253, 255 (Fla. 1st DCA 2003). This case springs from a series of disciplinary proceedings against appellant in his practice as an attorney. In 1998, he was suspended from the practice of law for ninety days and was, thus, forced to withdraw from the representation of appellee Doris Bayles, in her role as personal representative of the estate of Irvin Rayford Bayles. Appellant represented appellee for three years before that time and now seeks attorney's fees for his services. Most recently, the Florida Bar audited appellant's remaining trust accounts and recommended disbursements from those accounts and restitution to some of appellant's former clients, which the Florida Supreme Court approved.
In the proceedings below, appellee answered appellant's petition for fees by alleging that the petition was barred by res judicata and attached the Florida Supreme Court's order approving the disbursal of appellant's remaining trust accounts. According to the allegations in appellee's answer, the Florida Bar had disbursed $3,356.41 and $1,671.29 of the trust account funds to the estate and credited $2,145.67 to the Appellant for attorney's fees for *1052 services to the estate, with the Florida Supreme Court's approval.
Contrary to appellant's argument on appeal, res judicata may apply despite the fact that appellee was not a party to the Florida Bar proceedings if there was privity between the Florida Bar and appellee, as representative of the estate. See Gentile v. Bauder, 718 So.2d 781, 783 (Fla. 1998) (discussing privity); Massey v. David, 831 So.2d 226, 232-33 (Fla. 1st DCA 2002) (discussing privity and virtual representation). While appellee's position, therefore, may have merit, the procedure the trial court utilized below was erroneous because neither appellant nor appellee filed a motion for judgment on the pleadings or for summary judgment, and the trial court failed to take any evidence, provide notice, or provide an opportunity to be heard. See Bush v. Holmes, 767 So.2d 668, 672 (Fla. 1st DCA 2000). Accordingly, we are constrained to reverse the trial court's order. On remand, the parties may present evidence as to whether the Florida Supreme Court's order determined appellant's entitlement to attorney's fees.[1]
REVERSED and REMANDED for further proceedings.
PADOVANO, POLSTON and HAWKES, JJ., concur.
NOTES
[1] Neither the Referee's report nor the Florida Supreme Court's order clearly establishes on their face that appellant's entitlement to attorney's fees has been determined with a credit of $2,145.67. Appellee should, therefore, present other evidence as to whether the Referee's report, which the Florida Supreme Court approved with little comment, actually determined appellant's entitlement to attorney's fees. See Campbell v. State, 906 So.2d 293, 2004 WL 1175483 (Fla. 2d DCA May 28, 2004) (stating, "The party claiming the benefit of res judicata has the burden of establishing with sufficient certainty, by the record or by extrinsic evidence, that the matter was formerly adjudicated").