EDWARDS, J.
Appellant, Shawn J. Jones, appeals the trial court's denial of his motion to dismiss a severed charge for possession of a firearm by a felon, arguing that collateral estoppel barred any further prosecution after he was previously tried by a jury and found not guilty of murder with a firearm. We disagree and affirm.
Appellant was indicted for murder with a firearm and possession of a firearm by a convicted felon. After successfully moving to sever the felon-in-possession charge for a separate trial, Appellant proceeded to jury trial on the murder with a firearm charge. The only percipient witness, Sims, testified that he saw Appellant outside holding a handgun and heard him say that he was going to rob and kill the next person he saw. Sims retreated to his home and four or five minutes later heard gunshots. The victim was shot and killed. No eyewitnesses to the shooting came forward. Nor was there any evidence to connect the handgun Sims saw Appellant holding to the shooting. The jury found Appellant not guilty of murder while discharging, possessing, or carrying a firearm.
Then, Appellant filed a motion to dismiss the remaining, previously severed, charge of possession of a firearm by a convicted felon on the ground that collateral estoppel barred further prosecution. In *1274 order for collateral estoppel to prevent further prosecution, the issue sought to be foreclosed "must necessarily have been determined in the defendant's favor" in the earlier trial. State v. Short , 513 So.2d 679, 681 (Fla. 2d DCA 1987). Collateral estoppel does not prevent future litigation "if the verdict [already rendered] could be grounded upon an issue other than that which the defendant seeks to foreclose from consideration." State v. Strong , 593 So.2d 1065, 1067 (Fla. 4th DCA 1992). The trial court denied Appellant's motion to dismiss, finding that the jury could have believed Sims' testimony that he saw Appellant in possession of a firearm five minutes before hearing gunshots, while it found that Appellant was not guilty of murder because of that five-minute gap in time and the lack of evidence proving beyond a reasonable doubt that Appellant shot the victim. We agree with the trial court and the State that whether Appellant was a convicted felon simply in possession of a firearm was not presented to the jury, was not necessarily the basis for the jury's verdict, and was not determined in Appellant's favor in the murder-with-firearm trial. Accordingly, we affirm the trial court's denial of Appellant's motion to dismiss because collateral estoppel did not bar prosecution on the felon-in-possession charge.
AFFIRMED.
ORFINGER and GROSSHANS, JJ., concur.