STATE of Delaware

v.

Ramberto MACHIN, Defendant.

Cr. A. Nos. IN92–08–1508, IN92–08–1509.

Superior Court of Delaware,
New Castle County.

Submitted: June 15, 1993.
Decided: Aug. 2, 1993.

**1236**

Ferris W. Wharton, Deputy Atty. Gen., Dept. of Justice, Wilmington, for the State.

Eugene J. Maurer, Jr., Wilmington, Anthony V. Lombardino, and Michael S. Krome, of Richmond Hill, NY, for defendant.

## OPINION

COOCH, Judge.

Defendant Ramberto Machin (Defendant) has moved to dismiss an indictment charging him with Trafficking in Cocaine (16 *Del.C.* § 4753A(a)(2)(a)) and Possession with Intent to Deliver Cocaine (16 *Del.C.* § 4751). Defendant contends that the issue of whether certain incriminating drug evidence should be suppressed has been already decided in July 1992 in a previous proceeding in the United States District Court for the District of Delaware (District Court) and thus cannot be relitigated, being barred by the doctrine of collateral estoppel. The State, in opposition, asserts that the District Court decision granting the motion to suppress the evidence was not "fully litigated" and that admission of the incriminating evidence is not barred by the doctrine of collateral estoppel. For the reasons stated herein, the Court denies Defendant's motion to dismiss the indictment and holds that the issue of whether the evidence should be suppressed is not barred from relitigation as it was not fully litigated in the prior federal proceeding.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

The State proffers that the following facts occurred that resulted in Defendant's arrest:[2]

---

1. Defendant's "Motion to Dismiss Indictment" had additionally asserted, as grounds for dismissal of the indictment, that this Court lacks jurisdiction pursuant to 11 *Del.C.* § 208 ("When prosecution is barred by former prosecution for different offense") and 11 *Del.C.* § 209 ("Former prosecution in another jurisdiction; when a bar"). However, since Defendant did not brief those issues, they are deemed abandoned. *Barr v. State*, Del.Supr., 571 A.2d 786 (1989) (ORDER) at 3 (citing *Stilwell v. Parsons*, Del.Supr., 51 Del. 342, 145 A.2d 397, 402 (1958).

 Consequently, even though Defendant's motion seeks dismissal of the indictment (presumably pursuant to Super.Ct.Cr.R. 12(b)(1)), the Court now considers the motion in effect a motion *in limine* under Rule 12(b) to prevent admission of certain evidence, since the only remaining issue in the motion is that of the applicability of the doctrine of collateral estoppel as to certain facts. Defendant's motion, as briefed, thus does not raise any issues that directly bear on whether the indictment should be dismissed (even though, as a practical matter, any resolution of the suppression issues adverse to the State would undoubtedly result in either dismissal of the indictment or its *nolle prosequi* by the State).

2. The facts set forth herein describing Defendant's conduct at the time of his arrest are taken

On April 30, 1992, Defendant was driving north on Interstate 95 through Delaware and was stopped by a Delaware State Police officer for allegedly driving erratically. The officer approached Defendant and noticed a briefcase and a Pepsi bottle in the front seat. In the back seat, the officer noticed a garment bag. Defendant produced a valid Texas driver's license and a rental car agreement upon the officer's request for a driver's license and registration.

Because of highway noise and for safety reasons, the officer asked Defendant to exit the vehicle and to stand outside on the shoulder of the road to answer further questions. During questioning, Defendant stated that he had not been drinking alcohol and had only been drinking Pepsi. He also stated that he was driving from Miami Beach, Florida to New York City to meet someone in there. During this questioning Defendant appeared nervous, was sweating and shaking, and avoided eye contact. The officer apparently believed Defendant was engaging in criminal activity and asked him to sit in the police car. The officer asked Defendant if he could search Defendant's car and Defendant replied in the affirmative. Defendant filled out a Delaware State Police Consent to Search Form authorizing a complete search of the car.

The officer then proceeded to search the vehicle. After searching the interior of the vehicle, the officer removed the keys from the ignition and opened up the truck. The officer looked under the spare tire cover and discovered what appeared to be a kilo of cocaine. The substance was seized and later tested positive for cocaine.

Defendant was subsequently indicted by a federal grand jury in May 1992 in the District of Delaware for Possession with Intent to Deliver Cocaine in violation of 21 U.S.C. § 841. Defendant, through prior counsel, moved to suppress the physical evidence claiming that 1) the officer was required to have obtained a search warrant, 2) the officer lacked probable cause to have stopped or to have searched the car and 3) the officer exceeded the scope of the authorized search. The Assistant United States Attorney assigned to the case, Carolyn T. Greene, filed a brief in opposition to the motion.

A hearing on Defendant's motion to suppress evidence was scheduled for July 7, 1992. The United States appeared at the hearing but, for reasons not apparent from the record, Defendant and his attorney failed to appear so a new hearing was scheduled for July 21, 1992. On that date Defendant and his attorney appeared, but the Assistant United States Attorney, Greene, did not appear. She testified at the hearing on the instant motion that she was in the federal Grand Jury room at the time District Court personnel were looking for her on July 21. Greene testified that she had not been notified of the July 21, 1992 hearing nor had her secretary or anyone else in the office attempted to determine when the rescheduled hearing would take place after its rescheduling on July 7, 1992.

On July 21, 1992 the District Court issued an order granting Defendant's motion to suppress the evidence. The Order entered by the District Court reads in pertinent part as follows:

> WHEREAS, by Order dated July 8, 1992, the Court scheduled a hearing on Defendant's Motion to Suppress for Tuesday, July 21, 1992, in Courtroom No. 4, at 12:00 noon;
>
> WHEREAS, both the United States ("the Government") and Defendant were given notice of the hearing;
>
> WHEREAS, the Government did not appear at the hearing, and no evidence was presented;
>
> WHEREAS, the Court attempted to locate a representative of the Govern-

---

from the State's brief and do not represent any findings of fact by this Court; the facts relating to the indictment in District Court, the suppression hearing and the subsequent dismissal of the case by the District Court do represent factual findings by this Court.

ment to determine the reason for the Government's failure to appear but was unsuccessful in its efforts;

WHEREAS, the Defendant made an application that *because of the Government's failure to appear* that Defendant's Motion to Suppress be granted;

IT IS HEREBY ORDERED this 21 day of July, 1992, that Defendant's Motion to Suppress is GRANTED.

*United States v. Machin,* Cr.A. No. 92–35–JJF (D.Del. Jul. 21, 1992) (emphasis added).

The United States neither filed a motion to reargue nor appealed this order. Instead, the Assistant United States Attorney, somewhat chagrined over what had transpired, contacted a Deputy Attorney General in the Delaware Department of Justice and requested that the State seek an indictment against Defendant from a State Grand Jury. The State agreed to do so. On August 4, 1992, on motion by the United States, the District Court dismissed the indictment against Defendant. Defendant was then indicted in this Court on the pending drug charges on August 31, 1992. Defendant then filed this motion to dismiss.

## II. DISCUSSION

*The Doctrine of Collateral Estoppel Does Not Bar Introduction of the Physical Evidence in This Proceeding.*

**A. Summary of the Doctrine of Collateral Estoppel in Delaware**

█ The doctrines of collateral estoppel and res judicata are related. While collateral estoppel prevents a party from relitigating a factual issue previously litigated, res judicata prevents the same parties from bringing a suit subsequent to a previous suit based on the same cause of action. *See Columbia Casualty Co. v. Playtex FP, Inc.,* Del.Supr., 584 A.2d 1214, 1216 n. 4 (1991); *Foltz v. Pullman, Inc.,* Del.Super., 319 A.2d 38, 40 (1974).

█ The Double Jeopardy clause of the Fifth Amendment is a guarantee "that the

State with all its resources and power [shall] not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity." *Green v. United States,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). The doctrine of collateral estoppel is embodied in the constitutional guarantee against double jeopardy. The burden is on a defendant to demonstrate that the issue in relitigation was actually decided in the first proceeding. *Dowling v. United States,* 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990).

The Supreme Court of the United States addressed this issue in *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). The Supreme Court in *Ashe* held that collateral estoppel

means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.

397 U.S. at 443, 90 S.Ct. at 1194. In *Ashe,* a group of men broke into a room and robbed a group of six poker players. *Id.* at 437, 90 S.Ct. at 1190. The defendant was alleged to be one of the robbers. *Id.* at 438, 90 S.Ct. at 1191. The defendant was prosecuted for the robbery of one of the poker players and was acquitted. *Id.* at 439, 90 S.Ct. at 1191. Later, the defendant was brought to trial again for the robbery of a different member of the group of poker players and was convicted. *Id.* at 440, 90 S.Ct. at 1192. The Supreme Court on appeal reversed the conviction, *Id.* at 447, 90 S.Ct. at 1196, and held that the doctrine of collateral estoppel is "embodied" in the Fifth Amendment's guarantee against double jeopardy. *Id.* at 445, 90 S.Ct. at 1195. It was further held that the defendant who was acquitted by a previous jury which had already decided the issue of whether the defendant was one of the robbers could not be brought before a new jury and have the issue relitigated. *Id.* at 446–7, 90 S.Ct. at 1195–96.

Several cases decided subsequent to *Ashe* have held that *Ashe*

'mandates two inquiries in determining whether the doctrine of collateral estoppel applies: First, what facts were necessarily determined in the first law suit? ... Second, has the government in a subsequent trial tried to relitigate facts necessarily established against it in the first trial?' *U.S. v. Mock,* 604 F.2d 341, 343 (5th Cir. 1979).

*U.S. v. Rogers,* 960 F.2d 1501, 1508 (10th Cir.1992)

■ Additionally, the following criteria must be present in order for the doctrine of collateral estoppel to apply:

(1) The issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Rogers,* 960 F.2d at 1508, quoting *Matter of Lombard,* 739 F.2d 499, 502 (10th Cir.1984).

■ The doctrine of collateral estoppel is to be realistically and practically applied to the facts of any given case and thus it has been said that

'the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality.' The inquiry must be set in a practical frame. A court must examine the entire record of the prior proceeding. It must take into account the indictment, evidence, jury instructions and other relevant matter in the prior proceeding.

*United States v. Hogue,* 812 F.2d 1568, 1579–80 (11th Cir.1987), *reh'g denied,* 826 F.2d 15 (11th Cir.1987) (quoting *Ashe v. Swenson,* 397 U.S. 436, 444, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970).

Some recent Delaware cases have considered the doctrine of collateral estoppel: "[W]hen an issue of fact which was necessary to the outcome of a valid prior judgment has been fully litigated, it may not be reargued by a party to that prior proceeding." *Chrysler Corp. v. New Castle County,* Del.Super., 464 A.2d 75, 80 (1983). It has also been held that "where a question of fact essential to the judgment is litigated and determined by a valid and final judgment, the determination is conclusive between the same parties in a subsequent case on a different cause of action." *Columbia Casualty Co.,* 584 A.2d at 1216. *See also Nicholson v. Redman,* Del. Supr., 620 A.2d 858 (1993) (ORDER). "Under the requirement of privity, only parties to the former judgment or their privies may take advantage of or be barred by [the doctrine of collateral estoppel]." *Columbia Casualty Co.,* 584 A.2d at 1217 (quoting *Bernard v. Bank of America Nat. Trust & Savings Ass'n,* Cal.Supr., 19 Cal.2d 807, 122 P.2d 892, 894 (1942)).

■ "Mutuality," which is present in this case and thus not at issue, is a concept similar to the requirement of privity and "requires a party attempting to bar an adversary from relitigating an issue to have been a party in the prior litigation or in privity with a party in the prior litigation." *Id.* at 1216. However, Delaware has abandoned the requirement of mutuality as a prerequisite to the assertion of collateral estoppel. *Id.* at 1217. Collateral estoppel may still apply if "the party against whom collateral estoppel is asserted was a previous party." *Id.*

■ Similarly, although the requirement of privity has not been totally abandoned, it has been "significantly relaxed" in Delaware. *Austin v. Division of Motor Vehicles,* Del.Super., C.A. No. 83M–NO–14, Martin, J. (May 3, 1984) (Let.Op.) (holding in effect that the Division of Motor Vehicle and the Department of Justice were in privity for collateral estoppel purposes).[3]

---

3. Analogously, in a case interpreting 11 *Del.C.* § 209 ("Former prosecution in another jurisdic-

tion; when a bar") this Court has held that "it is sufficient if the defendant who is asserting the

**B. Applicability of the Doctrine of Collateral Estoppel to This Case**

 Although the State in this case is not the same party as the federal government in the previous action, it is enough that Defendant in this case was a party to the previous action. *Columbia Casualty Co.*, 584 A.2d at 1217. Also, as held in *Austin*, the fact that the prosecuting parties are different government entities does not act as a potential bar to the application of collateral estoppel in this case.

 Defendant argues that the suppression issues have already been decided because the District Court granted Defendant's motion to suppress. He asserts that the suppression issues are thus barred from being reconsidered in the present case. In deciding whether the previous granting of the motion to suppress the evidence constitutes a bar to admission of the evidence in the present case, this Court must decide whether the suppression issues were "fully litigated" so that the State is collaterally estopped from opposing suppression of the evidence, *Chrysler Corp.*, 464 A.2d at 80, or, stated somewhat differently, whether "the prior adjudication has been finally adjudicated on the merits," *Rogers* at 1508.

This Court has previously considered whether an issue in a prior civil proceeding, decided because of the default by one of the parties, may be relitigated in a subsequent civil proceeding for a different cause of action. *Petrucci v. Landon*, Del.Super., 48 Del. 491, 107 A.2d 236 (1954). In *Petrucci*, the defendant had previously sued the plaintiff in a previous suit for property damages arising from an accident. *Id.* at 237. The plaintiff failed to appear at a hearing, and the defendant took judgment by default. *Id.* The plaintiff then commenced an action and sued the defendant for personal injuries and property damage resulting from the defendant's negligence in the accident. *Id.* This Court

held that collateral estoppel was not a bar to relitigation of the issues in the prior proceeding.[4] *Id.* at 239.

 The Court in *Petrucci* stated that "a default judgment is conclusive and binding upon the parties in a subsequent action between them based upon the same claim or demand." *Id.* at 239 (citing *Hannigan v. Italo Petroleum Corporation of America*, Del.Super., 37 Del. 227, 181 A. 660, 663 (1935). Res judicata will preclude a party from bringing another action on a claim which has already been decided in a previous proceeding. However, if an issue is not "actually litigated and determined in the prior action ... the prior judgment is not conclusive and binding upon the parties as to those issues...." *Id. See also Desmond v. Lucks*, Del.Super., No. 87C–AP–20, Steele, J., 1988 WL 90500 (Aug. 19, 1988) (Mem. Op.). Thus, an issue raised in a proceeding which was eventually decided by default can be relitigated in a subsequent proceeding.

The issue before this Court is quite similar to the issue decided in *Petrucci*. In *Petrucci*, judgment was rendered in the first action because one party defaulted and where the issues in that first action were never litigated. This case differs from *Petrucci* in that the indictment in the District Court was not dismissed because one party defaulted, but was dismissed as a result of the filing of a motion by the Assistant United States Attorney to dismiss the indictment. The Defendant's motion to suppress evidence in the federal case was decided in favor of Defendant, Machin, only because the United States failed to appear at the July 21, 1992 suppression hearing. Defendant's argument that it is significant that the District Court made its ruling "after both sides had the opportunity [in pre-hearing briefs] to put before the Court their respective arguments" is unavail-

---

bar [of § 209] in the subsequent prosecution was a defendant in the prior prosecution." *State v. Humphreys*, Del.Super., No. IN80–02–1010, Taylor, J. (June 24, 1980) Mem.Op. *And see State v. Sheeran*, Del.Super., 441 A.2d 235, 242 (1981), *cert. denied*, Del.Supr., 497 A.2d 791 (1985) (stating that collateral estoppel is "embodied" in 11 *Del.C.* §§ 208 and 209).

4. The Court noted that res judicata was not applicable in this case and was not a bar because different causes of action were alleged in the two actions. *Petrucci*, 107 A.2d at 238.

ing, since the order of the District Court suppressing the evidence in the federal action explicitly provided, as the reason (propounded in fact by Defendant) for granting the motion, that the Government had "[failed] to appear." *United States v. Machin,* Cr.A. No. 92–35–JJF (D.Del. July 21, 1992). The issue was not decided on the substantive claims and cannot fairly be said to have been "fully litigated," *Chrysler Corp.,* 464 A.2d at 80, nor can it be deemed to have been "finally adjudicated on the merits" or that the State (in privity with the United States) had a "full and fair opportunity to litigate the issue in the prior action," *Rogers,* 960 F.2d at 1508.

Defendant contends that the decision was final because the government failed to appeal the order. However, failure of the government to have appealed the order is not determinative as to whether the state can litigate the suppression issue in this action. The requirement of "final" adjudication on the merits, *Rogers* at 1508, is not met because the District Court's decision was not "on the merits." The Court thus concludes that collateral estoppel cannot act as a bar to litigation of the suppression issues in this proceeding.

Case law from other jurisdictions supports this conclusion. In *United States v. Bailey,* 957 F.2d 439, 441 (7th Cir.1992), *cert. denied,* —— U.S. ——, 112 S.Ct. 3053, 120 L.Ed.2d 919 (1992), the defendant was charged with robberies of a Chicago bank and certain bank robberies in California. At his arrest in Chicago, the defendant admitted to robbing the Chicago bank and to robbing three California banks. *Id.* He requested that he be transferred to California and stated that he would plead guilty to the Chicago charge there. *Id.* He was transferred but later decided not to plead guilty. *Id.* Prosecution then commenced for the California bank robberies and the defendant moved to suppress the statement made in Chicago. *Id.* At the suppression hearing, the prosecuting attorney failed to appear and the court granted the defendant's motion to suppress his statement by default. *Id.* The

case was then dismissed on motion by the government. *Id.* The defendant was transferred back to Chicago pursuant to a bench warrant issued against the defendant and trial commenced there. *Id.*

The *Bailey* court held that the California court's suppression of the defendant's statement did not collaterally estop the prosecution from relitigating the issue in Chicago. *Id.* at 443. The court reasoned that "collateral estoppel does not preclude a party from litigating an issue which was not actually litigated. When a motion is granted, as here, because of another party's default, the issue is not litigated." *Id.* The facts of *Bailey* are quite analogous to the facts at bar.

In *Ferenc v. Dugger,* 867 F.2d 1301, 1302 (11th Cir.1989), *cert. denied,* 493 U.S. 828, 110 S.Ct. 95, 107 L.Ed.2d 59, the defendant was charged with attempted burglary when the arresting officer discovered incriminating evidence on the defendant's person and an allegedly stolen stamp and coin collection in the defendant's van. The trial court granted a pretrial motion to suppress the evidence *found in the van* because the defendant had not consented to the search. *Id.* The defendant was convicted of all offenses at trial based on the evidence *found on his person.* *Id.* The defendant was later charged with the crime of theft of the stamp and coin collection found in the van. *Id.* The defendant moved to suppress the evidence claiming that collateral estoppel barred relitigation of the issue. *Id.* The court held that because the verdict resulting in the previous conviction was not based on this suppressed evidence (from the van), the "issue was not 'necessarily established'" in the defendant's favor. *Id.* at 1304. As such, the issue of suppression of the van evidence was not barred from relitigation by collateral estoppel. *Id.* at 1305.

Defendant's reliance on cases such as *United States v. Rogers,* 960 F.2d 1501 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 817, 121 L.Ed.2d 689 (1992) (although *Rogers* does correctly summarize the law of collateral estoppel) and *United States v. Ce-*

*jas,* 817 F.2d 595 (9th Cir.1987) is misplaced, since in both of those cases, the issues sought to be foreclosed by application of the doctrine of collateral estoppel were found to have been previously fully litigated. (Prior "adjudicat[ion was] on the merits," *Rogers* at 1509; dismissal of prior indictment was a "final decision on the merits," *Cejas* at 600.)

In order for collateral estoppel to act as a bar to introduction of the physical evidence in this case, the suppression issues presented to the District Court would have had to have been "fully litigated." *Bailey* held that if a suppression motion is granted because one party defaults then the issue has not been "actually" litigated. *Bailey,* 957 F.2d at 443. In *Ferenc,* evidence which had been decided in the defendant's favor but was not litigated before a jury was found to be not "necessarily established." *Ferenc,* 867 F.2d at 1304. *Petrucci* stated that an issue not "actually litigated" in the prior action will not be barred by the prior judgment. *Petrucci,* 107 A.2d at 239. Cases such as the foregoing, as well as other cases cited herein, compel the conclusion that the issue of whether the physical evidence should be suppressed was not "fully litigated," and that collateral estoppel does not act as a bar to litigation of the issue in this proceeding.

### III. CONCLUSION

The doctrine of collateral estoppel does not act as a bar to possible introduction by the State of the physical evidence in this proceeding.[5] Defendant's motion to dismiss the indictment is DENIED.

---

5. Nothing in this opinion, however, prevents Defendant from seeking to suppress any incriminating evidence. The Court expresses no opinion as to the merits of the suppression issues.