106 F.3d 404
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darrell Lamont BAILEY, Defendant-Appellant,
 Nos. 95-2407, 95-3020 and 96-1260.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 23, 1996.
Decided Jan. 22, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied Feb. 21, 1997.
 
 Before FAIRCHILD, CUMMINGS and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Darrell Bailey was convicted of robbery of an FDIC insured bank while assaulting and putting in jeopardy the lives of three persons by the use of a dangerous weapon (one count), of possessing an interstate firearm after conviction of a felony (two counts), and using a firearm during commission of a crime of violence. He appealed (No. 90-3818) and this court affirmed. U.S. v. Bailey, 957 F.2d 439 (7th Cir.1992). His appeal from denial of a motion for new trial was dismissed. U.S. v. Bailey, unpublished order, No. 92-3845 (7th Cir. October 24, 1994). He then filed a motion to vacate his sentence under 28 U.S.C. § 2255. He also filed a motion for return of property. Judge Nordberg denied the motions May 15, 1995, and Bailey appealed. (Nos. 95-2407 and 95-3020). On January 19, 1996, Judge Nordberg denied Bailey's motions for production of Bailey at a hearing concerning disposal of Firearm and Ammunition. Bailey appealed, No. 96-1260.
 
 
 2
 These appeals were referred to this panel of judges (which had heard No. 90-3818) as successive appeals under Operating Procedure 6(b). We elected to retain and decide the appeals, and decide that oral argument is unnecessary.
 
 
 3
 Judge Nordberg carefully stated his reasons for denying the § 2255 motion. Bailey made 26 claims. Judge Nordberg found that sixteen of them had not been raised on direct appeal (No. 90-3818), and that no cause or prejudice had been shown. These were claims numbered 1, 2, 4, 8, 9, 10, 11, 12, 13, 14, 19, 20, 22, 23, 25, and 26. Judge Nordberg found that they had been procedurally defaulted.
 
 
 4
 Judge Nordberg considered four claims that trial counsel, William J. Stevens, was ineffective. Claim No. 5 was that counsel did not interview nor call a specified witness "who would have testified ... that I was with her at her apartment during the bank robbery ...". Judge Nordberg considered the description of proposed testimony insufficient, and concluded that no prejudice had been shown because of the overwhelming evidence of guilt.
 
 
 5
 Claim No. 6 was that counsel did not have the "unaltered video" of the bank surveillance camera shown to the jury. The claim suggests that the tape shown had been altered, but the alteration is not described. The claim further states, without explanation, that "having defendant moved by the jury box ... scared the jurors ...".
 
 
 6
 Claim No. 7 involves a scar on the left side of Bailey's face which the identifying witnesses did not mention in their descriptions of the robber. Counsel had Bailey walk in front of the jurors so they could see the scar. Counsel argued that the scar suggested that the robber seen by the witnesses was not Bailey. Claim 7 is that counsel should have brought out from one of the witnesses that Bailey had the scar she had not mentioned in describing the robber. Judge Nordberg was unable to conclude that counsel performed unreasonably and found that Bailey did not explain how different presentation of this point might have produced a different result.
 
 
 7
 Claim 24 was that because Bailey had tried to have counsel removed he should not be held to have waived his claim of ineffective assistance of counsel. Judge Nordberg concluded that the general objection implied here was too vague, and that none of the alleged failures establish that Stevens' performance fell below a standard of objective reasonableness or that Bailey was prejudiced as a result.
 
 
 8
 Claims 3 (principally), 15, 17, and 18 raised issues we had decided in the direct appeal, No. 90-3818 (Claim 16 was predicated on Claim 17). Judge Nordberg correctly determined that our earlier decision established law of the case adverse to these claims.
 
 
 9
 We agree generally with the conclusions stated by Judge Nordberg in his memorandum opinion and order dated May 15, 1995. We make further observations resulting from our own study of the record.
 
 
 10
 Claim 21 suggests that there was "constitutional error" in this court's rejection of Bailey's pro se brief submitted in appeal No. 90-3818, decided at 957 F.2d 439. This court's file contains a copy of a letter dated 1/15/91 to Bailey from our Pro Se Clerk. The letter states: "I am returning this brief to you unfiled. Your attorney is responsible for filing your brief with this court. Mr. Stevens is still your attorney in this case at this time. You should contact Mr. Stevens with regard to this matter."
 
 
 11
 Doubtless this is the rejection referred to. Counsel's brief for Bailey had not yet been filed. Return of the pro se brief under these circumstances did not violate Bailey's rights. Claim 21 went on to say that issues "raised therein are being said to 'have been waived.' " Judge Nordberg, in finding that Bailey made no showing of cause for failure to raise the sixteen issues on direct appeal, noted that Bailey had not presented the brief which was returned to him. Thus neither Judge Nordberg nor we can determine that he attempted in that brief to raise any of the sixteen issues. Bailey made no assertion that he had asked Stevens to raise any of these issues.
 
 
 12
 On January 28, 1991, Bailey filed a motion here for "Clarification of 'pro se' status before Seventh Circuit." In it he suggested that Stevens had failed to file the notice of appeal which Bailey had prepared. The record shows that it had been promptly filed. In the motion, Bailey requested that Stevens be removed and that he be allowed to proceed pro se. This court denied relief.
 
 
 13
 Part of Claim 1 might be read as a claim that Bailey's confession was coerced by threats to charge his brother and niece if he did not sign, and that Stevens should have insisted on a hearing to determine these facts, as a basis for suppression of the confession. Instead, he relied on the suppression order entered by default in the district court in California. On appeal we held that the California suppression order was not binding in the Chicago proceeding. Bailey has not alleged facts showing that it was ineffective assistance of counsel not to press the motion to suppress the confession independently of the California orders. Although he asserted coercion by threat in his § 2255 motion filed in 1994, the memorandum filed by counsel in California in the 1990 suppression motion (when Bailey's recollection was fresher) made no mention of a claim of coercion by threat, but asserted as grounds failure to give Miranda warnings and continued questioning after a request for counsel. The 1994 motion, however, made no mention of Miranda claims. Nowhere in that motion does Bailey claim he informed Stevens that he had been threatened and coerced.
 
 
 14
 The order appealed from also denied Bailey's motion for return of certain property. His brief does not contain any argument for reversal of this part of the order.
 
 Appeal No. 96-1260
 
 15
 This is an appeal from an order denying Bailey's motion seeking to be produced at a hearing so as to argue in opposition to the government's motion for authority to dispose of a firearm and ammunition seized January 5, 1990. The order appealed from is not a final order, and we have no jurisdiction of an appeal.
 
 
 16
 The judgment entered May 15, 1995 is affirmed. Appeal No. 96-1260 is dismissed.