# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| RONALD E. LEWIS, JR., | ) | |
|     Defendant-Below | ) | |
|     Appellant, | ) | C. A. No.:   N13A-07-009 VLM |
| | ) | |
| v. | ) | |
| | ) | |
| BERKOWITZ & SHAGRIN, P.A., | ) | |
|     Plaintiff-Below | ) | |
|     Appellee. | ) | |
| | ) | |

## OPINION

Submitted: June 2, 2014
Decided: September 25, 2014

*Upon Consideration of Appellant's Appeal of the Decision of the Court of Common Pleas*, **AFFIRMED.**

Samuel L. Guy, Esquire, Attorney at Law, 1601 Concord Pike, Suite 38C, P.O. Box 25464, Wilmington, DE 19899, Attorney for Appellant.

Shauna T. Hagan, Esquire, Kelleher & Laffey, Attorneys at Law, 1509 Gilpin Avenue, Wilmington, DE 19806, Attorney for Appellee.

**MEDINILLA, J.**

## INTRODUCTION

Appellant Ronald E. Lewis, Jr. ("Son") appeals the decision of the Court of Common Pleas which granted a judgment in favor of Appellee Gerald Z. Berkowitz, Esq. ("Berkowitz"), arising from an unpaid attorney's fee. The Court of Common Pleas held that Berkowitz was not collaterally estopped from collecting the remainder of the unpaid fee from Son, despite the fact that Berkowitz had previously collected a portion of the fee from Son's father, Ronald "Butch" E. Lewis ("Father") in a prior action in the Justice of the Peace Court. For the reasons set forth below, the decision of the Court of Common Pleas is **AFFIRMED**.

## FACTUAL AND PROCEDURAL HISTORY

On July 24, 2009, Son and Father cosigned a retainer agreement with Gerald Z. Berkowitz, of Berkowitz, Shagrin & Jones, P.A., for legal services related to Son's divorce matter.[1] When the legal representation ended, there remained an outstanding balance of $6,685.00 in attorney's fees.[2] Pursuant to the retainer agreement, finance charges were assessed, and Father and Son were billed a total of $7,123.46.[3]

---

[1] Appx. at 123.
[2] *Id*. at 130.
[3] *Id*. at 126.

On February 3, 2010, Berkowitz filed a debt collection action against Father in the Justice of the Peace Court for $7,123.46 plus $40.00 in court costs (hereinafter "*Father I*").[4] Following trial, a judgment was entered against Father in the amount of $1,625.00 plus costs and interest.[5] Berkowitz appealed the decision to the Court of Common Pleas, but thereafter filed a stipulation of dismissal before the matter was heard.[6]

On August 4, 2011, Berkowitz instituted a second action in the Justice of the Peace Court, this time against Son in an attempt to collect the outstanding balance (hereinafter "*Son I*").[7] At trial, Son argued that the doctrine of collateral estoppel precluded Berkowitz from obtaining a judgment against him because a final judgment of $1,625 had been obtained against Father in *Father I*. The Justice of the Peace Court agreed, applied the doctrine of collateral estoppel, and entered a judgment in favor of Berkowitz for $1,625.

On August 7, 2012, Berkowitz appealed the Justice of the Peace Court decision in *Son I* to the Court of Common Pleas. On August 31, 2012, Son filed a

---

[4] *Berkowitz, Schagrin & Jones, P.A. v. Lewis*, C.A. No. JP13-10-001783 (Del. J.P. Feb. 3, 2010).
[5] *Id.*
[6] C.A. No. CPU4-10-008196 (Del. Com. Pl. Dec. 27, 2010).
[7] *Berkowitz & Schagrin, P.A. v. Lewis*, C.A. No. JP13-11-010687 (Del. J.P. Aug. 4, 2011). Berkowitz originally claimed $7,123.46 plus costs, but later amended that amount to $5,498.46 to reflect the balance outstanding after the judgment obtained against Father in *Father I*. See Appx. at 90.

Motion to Dismiss and argued collateral estoppel as the basis for dismissal.[8] The Court of Common Pleas heard oral arguments on September 28, 2012, and denied the motion in an opinion dated October 17, 2012, wherein it held that matters outside the pleadings required resolution before it could determine whether collateral estoppel barred the claim.[9]

At trial on June 25, 2013, the parties presented a stipulated record and agreed that the sole legal issue before the Court of Common Pleas was whether Berkowitz was collaterally estopped from pursuing his claim against Son.[10] The Court of Common Pleas held that Son failed to meet his burden of establishing the elements of collateral estoppel, and awarded judgment in Berkowitz's favor for the undisputed balance of the unpaid fee.[11] This appeal followed.

## STANDARD OF REVIEW

This Court reviews a decision of the Court of Common Pleas the same as would the Delaware Supreme Court on appeal.[12] The applicable standard of review is two-fold. First, errors of law are reviewed *de novo.*[13] Second, "this

---

[8] *Id*. at 62.

[9] *Berkowitz, Shagrin & Jones, P.A. v. Ronald E. Lewis, Jr.*, C.A. No. CPU4-12-003083 (Del. Com. Pl. Oct. 17, 2012).

[10] The stipulated record consisted of (1) the July 24, 2009 Retainer Agreement; (2) billing statements confirming an outstanding balance of $5,498.46; and (3) the December 2, 2010 Justice of the Peace Court Order.

[11] Tr. 35, Appx. at 122.

[12] *Fiori v. State*, 2004 WL 1284205, at *1 (Del. Super. May 26, 2004).

[13] *Downs v. State*, 570 A.2d 1142, 1144 (Del. 1990).

Court is bound by findings of fact made by the Court of Common Pleas which are supported by the record and which are the product of a logical and deductive process."[14] If substantial evidence exists for a finding of fact, this Court must accept that ruling.[15] Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[16]

## DISCUSSION

On appeal, Son argues that the Court of Common Pleas committed legal error in its application of the doctrine of collateral estoppel because a ruling in Berkowitz's favor was not supported by substantial evidence.

Under the doctrine of collateral estoppel, if a court has decided an issue of fact necessary to its judgment, that decision precludes re-litigation of same issue in a later suit involving a party to the first case.[17] This Court is guided by the rule of law set forth by the Delaware Supreme Court in *Betts v. Townsend* to determine whether a claim is barred by collateral estoppel.[18] The party seeking to defend from suit on the basis of collateral estoppel bears the burden of proving each element:

---

[14] *Trader v. Wilson*, 2002 WL 499888, at *2 (Del. Super. Feb. 1, 2002); *Downs*, 570 A.2d at 1144.
[15] *Wilson v. Klabe Const. Co.*, 2004 WL 1732217 (Del. Super. July 29, 2004).
[16] *Id.*
[17] *Oakes v. Clark*, 2012 WL 5392139, at *3 (Del. Super. Nov. 2, 2012); *Messick v. Star Enterprise*, 655 A.2d 1209, 1211 (Del. 1995).
[18] 765 A.2d 531 (Del. 2000).

> (1) The issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.[19]

In this case, the parties do not dispute that elements two and three are met.[20] Son argues, however, that collateral estoppel should have barred the claim below because the Court of Common Pleas failed to find that (1) the issue to be litigated in the second debt collection action against Son – *Son I*, the action from which this appeal flows – was conclusively decided in *Father I*; and (2) Berkowitz had a full and fair opportunity to litigate the issue of Son's liability in *Father I*. This Court disagrees.

As to the first element, there is substantial evidence to support the Court of Common Pleas' finding that the issues to be decided in *Father I* and *Son I* were not identical. Nothing in the stipulated record before the Court of Common Pleas suggested that resolution of the issue of Son's liability on the unpaid fee was necessary to rendering the judgment in *Father I*. As such, this Court finds that there was substantial evidence to support the finding of the Court of Common

---

[19] *Betts*, 765 A.2d at 535 (Del. 2000) (citing *State v. Machin*, 642 A.2d 1235, 1239 (Del. Super. 1993).

[20] Op. Br. at 19. The first action in the Justice of the Peace Court against Father resulted in a final adjudication on the merits. Berkowitz was a party to the prior action, and is the party against whom collateral estoppel is being sought.

Pleas that Son did not establish the first element of collateral estoppel: that the issue to be litigated in *Son I* was "identical" to the issue of Father's liability.[21]

As to the second element, there is substantial evidence to support the Court of Common Pleas' finding that Son's outstanding liability on the contract was not fully and fairly litigated in *Father I*. Where two parties are potentially liable in a breach of contract action, the non-breaching party may bring action against either one or both defendants.[22] Berkowitz chose to proceed against one co-signer in *Father I*, as was his right. Son could not establish whether the final judgment of $1,625 in *Father I* included Son's liability. As such, there was substantial evidence to support the finding of the Court of Common Pleas that Son failed to establish that Berkowitz had a full and fair opportunity to litigate the issue of Son's apportionment of liability in *Father I*. This Court holds that the Court of Common Pleas' finding that Son failed to establish the fourth element of the *Betts* test is supported by substantial evidence.

Finally, Son contends that the record on appeal is insufficient to support the judgment below. This Court finds this argument to be without merit. At trial, the parties presented a stipulated record consisting of the retainer agreement, billing statements, and the Order of the Justice of the Peace Court in *Father I*. These undisputed documents constituted the basis for the Court of Common Pleas' ruling that Son was in breach of contract by failing to pay the outstanding balance of

---

[21] *Betts*, 765 A.2d at 535.
[22] Restatement (Second) of Contracts §§ 289; 291; 292 (1981).

$5,498.46 in attorney's fees. Son never disputed the amount of the outstanding bill, nor the value of the services rendered. Rather, Son made the conscious decision to defend his claim on the sole basis of collateral estoppel.[23] As stated previously, the decision of the Court of Common Pleas is supported by substantial evidence that collateral estoppel could not be established to bar the claim in *Son I*. The undisputed record below is sufficient to sustain the judgment in Berkowitz's favor in the amount of the undisputed outstanding balance of the attorney's fee.

## CONCLUSION

For the foregoing reasons, the decision of the Court of Common Pleas is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ Vivian L. Medinilla
Judge Vivian L. Medinilla

---

[23] Tr. 33-42, Appx. at 67-76; Tr. 15-16, Appx. at 101-02.

8