# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| MICHELLE R. IEVOLI, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. N18C-05-254 CLS |
| v. | ) ) ) | |
| DELAWARE STATE HOUSING AUTHORITY, | ) ) ) ) | |
| Defendant. | ) ) ) ) | |

Date Submitted: August 16, 2018
Date Decided:  November 7, 2018

On Defendant's Motion to Dismiss

**Granted.**

Michelle R. Ievoli, *Pro Se.*  PO Box 263, Litchfield, ME, 04350.

Benjamin P. Chapple, Esquire.  Reed Smith LLP, 1201 Market Street, Suite 1500 Wilmington, DE, 19801.  Attorney for Defendant

**Scott, J.**

In order to succeed in a negligence action a plaintiff must overcome certain procedural hurdles to survive a Motion to Dismiss the Complaint. Following a foreclosure action Plaintiff filed a separate negligence action against the mortgage holder claiming injuries sustained as a result of the mortgage servicer's actions. The issue before the Court is whether Plaintiff has brought her action within the statute of limitations, and pleaded with sufficient particularity an action for negligence.

## Facts and Procedural Background

The complaint before the Court was filed by Plaintiff on May 29, 2018. Prior to this action Plaintiff has had at least two prior actions before the courts in this state which are relevant. In 2008, Plaintiff filed for bankruptcy in the United States Bankruptcy Court for the District of Delaware. That action was dismissed for failure to make plan payments.[1] In 2015, the Delaware State Housing Authority (DSHA) initiated a foreclosure action on Defendant's home before this Court. A final judgment in favor of DSHA was entered on September 25, 2017. Plaintiff did not appeal that judgment. After the Sheriff's Sale of the property in the foreclosure action, DSHA sought and was granted a Writ of Possession on May 29, 2018, with no action to be taken for 60 days. Also on May 29, 2018, Ievoli filed her *pro se* complaint in this Court claiming Negligence on the part of DSHA related to the

---

[1] PACER Case Summary for Delaware Bankruptcy Court Case Number 08-12359 for Michelle Ievoli.

mortgage of the property. At the same time of filing the Complaint Ievoli requested a stay on the writ of possession. This request was denied. On July 23, 2018, Ievoli filed an emergency request seeking a continuance of the stay on the Writ of Possession pending adjudication of this action. The request for an emergency stay was also denied.

**Parties Assertions**

Before the Court is Plaintiff's Complaint against DSHA, DSHA's Motion to Dismiss, and Plaintiff's response. Plaintiff's complaint seeks monetary damages for mortgage payments she was precluded from making during the foreclosure process, physical and emotional distress, lost wages, and legal expenses.[2]

Plaintiff simply claims negligence on the part of DSHA. The Complaint appears to claim DSHA was negligent in its selection and supervision of Bank of America (BOA) as Plaintiff's mortgaging servicer. Plaintiff highlights newspaper articles and judgments against BOA as proof DSHA had notice of questionable practices ongoing with BOA's mortgage business. Specifically, Plaintiff indicates a consent judgment wherein BOA confessed to illegal actions gave notice to Defendant of wrongdoing, and thereafter Defendant's continued relationship with BOA was negligent. Plaintiff claims DSHA owed a duty "to be aware of the legal

---

[2] Compl. at 6.

3

proceedings and the ongoing Sigtarp investigations and monitoring" and that failure to take action amounts to gross negligence.[3] Plaintiff's claim seeks to hold DSHA liable for its BOA's actions. Plaintiff claims DSHA owed a duty, to oversee BOA's actions in servicing her mortgage, and was "responsibly negligent" for allowing BOA to continue in its role as a "subcontractor" for DSHA.[4]

Plaintiff's other claims include the fact BOA misspelled her surname at some time, resulting in negative credit reporting, leading to substantial emotional distress and expenditure of energy to correct, and issues with a proof of claim filed with her claim for bankruptcy. Plaintiff finally prays upon the Court to indicate the proper venue for her claims for relief.

Defendant's Motion to Dismiss is based on four arguments: 1) the Complaint is untimely, therefore barred by the statute of limitations, 2) the complaint fails to articulate a viable claim for relief, 3) allegations in the Complaint that mortgage payments were made under the loan, or that the foreclosure action was illegal needed to be raised in the foreclosure action, and therefore have been waived, and 4) any claims for damages based on the foreclosure is barred by the doctrines of *res judicata* and collateral estoppel.

---

[3] Compl. at 6.

[4] *Id*.

4

## Standard of Review

The test for dismissal under Superior Court Rule 12(b)(6) is whether the Plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint.[5]  In making its determination, the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable factual inferences in favor of the non-moving party.[6]  Therefore, if the Plaintiff can recover under any conceivable set of facts inferable from the pleadings, the motion to dismiss will not be granted.[7]

## Discussion

Before a review of the merits of Plaintiffs claim, a review of procedural bars is necessary.  Defendant argues the statute of limitations bars all of Plaintiff's claims. The "statute of limitations" establishes a time limit for suing in a civil case, based on the date when an injury occurred or is discovered.[8]  The purpose of the statute of

---

[5] *Spence v. Funk,* 396 A.2d 967, 968 (1978); *see Cambium Ltd. v. Trilantic Capital Partners III L.P.*, 2012 WL 172844, at *1 (Del. Jan. 20, 2012) (citing *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 537 (Del. 2011)).

[6] *Ramunno v. Cawley,* 705 A.2d 1029, 1034-36 (Del.1998); *Nix v. Sawyer,* 466 A.2d 407, 410 (Del. Super. Ct.1983).

[7] *Ramunno*, 705 A.2d at 1034; *see Cambium*, 2012 WL 172844, at *1 (citing *Cent. Mortg.*, 27 A.3d at 537).

[8] Black's Law Dictionary (8th ed. 2005).

limitations is "to require diligent prosecution of known claims, thereby providing finality and predictability in legal affairs and ensuring that claims will be resolved while evidence is reasonably available and fresh."[9]

Reviewing the complaint in light most favorable to Plaintiff, 10 *Del. C.* §8106 applies to the circumstances of this case. Under the statute "no action based on a detailed statement of the mutual demands in the nature of debit and credit between parties arising out of contractual or fiduciary relations, […] shall be brought after the expiration of 3 years from the accruing of the cause of such action."[10] It is well settled that "the statute of limitations here involved begins to run at the time of the wrongful act, and, ignorance of a cause of action, absent concealment or fraud, does not stop it."[11]

Plaintiff's Complaint contains various dates pertinent to her claims. She indicates a Note for her home was executed in 2001, BOA became the servicer for her loan in 2008. Plaintiff indicates issues with a bankruptcy proof of claim filed in 2009, the misspelling of her surname 2010 which was eventually corrected in 2012. Plaintiff alleges DSHA prevented her bankruptcy payment plan from continuing,

---

[9] Blacks's Law Dictionary (8th ed. 2005).

[10] 10 *Del. C.* § 8106.

[11] *Isaacson, Stolper & Co. v. Artisans' Sav. Bank*, 330 A.2d 130, 132 (Del. 1974).

resulting in its dismissal.[12] Plaintiff indicates a newspaper article from 2013 was sufficient to give DSHA notice of BOA's negligent actions as to her as an individual.

The Complaint further alleges "Since 2010" Plaintiff has been in "fear of impending sheriff's sales" and in "fear of finding herself removed from home illegally."[13] Finally, the Complaint states a payment plan between BOA and Plaintiff was approved in 2014, and that payments were made through November, 2014, after which BOA "Refuse to produce a contract which listed DSHA."[14] Finally, Plaintiff claims she suffered a nervous breakdown in June, 2015, "related to the depression, anxiety, and PTSD caused by the decade-long fight for housing justice."[15]

The Complaint alleges DSHA and BOA's actions dating from 2009 through November of 2014 constituted negligence on the part of DSHA. Accepting Plaintiff's allegations as true for the purpose of this motion, the three-year statute of limitations required any action based on DSHA's negligence to be brought before November 2017.

---

[12] As the bankruptcy action was dismissed on May 11, 2010, the Court will use that date for DSHA's alleged wrongful action.

[13] Compl. at 5, 6.

[14] Compl. at 5.

[15] Compl. at 6.

Moving to the merits of the Complaint, Superior Court Civil Rule 9(b) requires allegations of negligence to be stated with particularity.[16] An acceptable pleading of negligence must include at a minimum: (1) what duty, if any, was breached; (2) who breached it, (3) what act or failure to act breached the duty, and (4) the party upon whom the act was performed.[17] The Court determines as a matter of law whether a party owes another a duty.[18]

Plaintiff asserts DSHA was negligent in its contracting BOA to serve as an independent contractor in servicing her mortgage. The pleadings allege DSHA and Plaintiff engaged in a lender/borrower relationship. The Complaint further alleges DSHA owed a duty to be aware of ongoing litigation involving BOA throughout the country, and to take action based on that information. This assertion appears to claim DSHA owed a duty to act to protect Plaintiff's interests. This would properly be characterized as a fiduciary relationship, where a duty was owed by DSHA to act in Plaintiff's interests. A fiduciary duty is "a duty of utmost good faith, trust confidence, and candor owed by a fiduciary to the beneficiary; a duty to act with the

---

[16] Super. Ct. Civ. R. 9 (b).

[17] *Myer v. Dyer*, 542 A.2d 802, 805 (Del. Super. Ct. 1987).

[18] *Spence v. Cherian*, 135 A.3d 1282, 1290 (Del. Super. Ct. 2016), as corrected (May 25, 2016).

8

highest degree of honesty and loyalty toward another person and in the best interests of the other person."[19]

Under Delaware law, "there is no fiduciary duty relationship between a debtor and a creditor, i.e., also a mortgagee and a mortgagor and, therefore, there can be no breach of a fiduciary duty claim."[20] The Complaint claims DSHA owed a fiduciary duty to Plaintiff, however, no such duty exists. Therefore, Plaintiff's claim must fail as a matter of law.

Finally, Plaintiff's response to the Motion to Dismiss includes a prayer for direction to the proper venue for her claims. To the extent Plaintiff alleges she made payments towards the mortgage, or that the foreclosure process was somehow flawed, those claims are barred in this action under the doctrine of *res judicata*. *Res judicata* prevents the same parties from bringing a suit subsequent to a previous suit based on the same cause of action.[21] Those issues should have been raised in the foreclosure proceedings previously adjudicated before this Court.[22] The same is true for claims that DSHA interfered with Plaintiff's bankruptcy plan. These issues

---

[19] Black's Law Dictionary (8th ed. 2005).

[20] *Diehl-Guerrero v. Hardy Boys Constr., LLC.*, 2017 WL 886786, at *2 (Del. Super. Ct. Feb. 28, 2017), appeal refused sub nom. Diehl-Guerrero v. Wells Fargo Home Mortgage, Inc., 159 A.3d 302 (Del. 2017).

[21] *State v. Machin*, 642 A.2d 1235, 1238 (Del. Super. Ct. 1993).

[22] *DSHA v. Ievoli*, C.A.No. N15L-12-074 CLS.

should have been addressed before the United States Bankruptcy Court for the District of Delaware.

## Conclusion

While *Pro se* litigants are afforded more leeway in their filings, a Complaint must meet certain specific requirements.[23] The Complaint asserts various actions by BOA caused her injury, and that Defendant was negligent for failing to take action to address those actions. To support this claim Plaintiff points out various judgments, consent orders, and other litigation throughout the country related to banks and wrongdoing during the mortgage crisis that began nearly ten years ago. However, Plaintiff fails to indicate how those proceedings caused or are otherwise relevant to her injury, and what duty DSHA owed to her as an individual as a result. Additionally, Plaintiff's claims are procedurally barred by either the 3-year statute of limitations, or the doctrines of *res judicata* and collateral estoppel.

For the foregoing reasons, Defendant's Motion to Dismiss is **Granted**.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott

**Judge Calvin L. Scott, Jr.**

---

[23] See; *In re Estate of Hall*, 882 A.2d 761 (Del. 2005).

10